ACCEPTED
03-14-00737-CV
7609712
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/29/2015 10:52:25 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00737-cv

_____

### IN THE THIRD COURT OF APPEALS
### AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/2/2015 12:17:25 PM
JEFFREY D. KYLE
Clerk

_____

### CHASE CARMEN HUNTER, APPELLANT/PLAINTIFF
### v.
### DAVID MATTAX IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, AND THE TEXAS DEPARTMENT OF INSURANCE, APPELLEES/DEFENDANTS

_____

### SUPPLEMENT TO APPELLANT'S BRIEF

_____

From Cause D-1-GN-13001957 In The 250th District Travis

County, Texas, The Honorable John K. Dietz Presiding

_____

Chase Carmen Hunter, pro se
340 S. Lemon Ave. #9039
Walnut, CA 91789
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

TO: THE JUSTICES OF THIS COURT

On October 22, 2015, Appellant, herein referred to as "Hunter", received a notice from the Clerk of this Court ("Clerk") which states that this petition is set for submission on briefs on Thursday, November 12, 2015.

This petition seeks to appeal a denial, under operation of law, in the underlying court, of Hunter's Motion to Reinstate ("MTR"). See ¶ 13 of Hunter's Appellant's Brief.

Hunter was first able to access this underlying court's ("TCTDC" which means "Travis County Texas District Court") record on October 14, 2015, due to a new, free technology offered by the TCTDC at https://courts.co.travis.tx.us/CCO/ which TCTDC calls "Civil Courts Online" or "CCO".

And Hunter discovered that there is 1) no Notice of Court Setting filed in June 2014: the first instance of a "Notice Of Court Setting" is on April 2, 2015; and 2) no dismissal order dated August 25, 2014, or any other time in the record. See Exhibit A and see below.

When Hunter filed her MTR, the clerk of the underlying court ("TCTDC Clerk") erroneously filed it as a "Notice of Appeal". See Exhibit A, scanned document, scanned on 9/29/14. A judge does not respond to a "Notice of Appeal". But a judge is required to perform ministerial duties when an MTR is filed

pursuant Texas Rule of Civil Procedure 165a(3). See Exhibit B.

If the TCTDC Clerk failed to properly file Hunter's MTR as an MTR, but filed it as a Notice of Appeal, then it is reasonable to believe that the TCTDC Clerk did not present Hunter's MTR to the judge.

It is possible that the TCTDC clerk once had a notice of setting and dismissal order in the record but removed them. The fact is that the TCTDC clerk's record-keeping has proven to be very unreliable as is shown in this petition and in another petition with this court in case 3-15-327-cv. See attached pages from Appellee's Brief, Appendix G in which the Appellees are asking the TCTDC clerk to provide documents not found in the record the TCTDC transferred to this court for this appeal. According to the TCTDC Clerk's record in the underlying cause, as shown in CCO, a "Notice of Court Setting" was entered into the record for the first time on April 2, 2015 which is nearly four months after Hunter filed her Appellant's Brief. See "Suppl Designation Clerk Record" on page 1 of Exhibit A and see the corresponding document shown in Exhibit C. Please, take notice that there is no order of dismissal in the TCTDC Clerk's record shown in CCO. If this court received an order of dismissal in the record it received from the TCTDC Clerk on appeal; this is

inconsistent with the record shown in CCO. <u>See</u> attached Appendix for Supplement.

On April 14, 2015, Hunter filed with this Court a petition for a writ of mandamus directed to the clerk of the TCTDC, Velva Price ("Price") because she has refused to provide the record requested and required for this appeal pursuant to Texas Rule of Appellate Procedure 34.5(c)(1) and Texas Gov't Code Section 522 et seq. That petition was assigned record number 3-15-218-cv. Hunter filed her request of Price with this court on April 6, 2015, and served it upon Price via efile. Price has failed to respond. This court entered a memorandum opinion on April 15, 2015, which denied the requested relief without explanation.

Hunter filed a second petition for a writ of mandamus directed to Price for the same reasons as shown above in June 2015. But the Clerk erroneously filed it as being related to a different cause and not to the correct underlying cause which is D-1-GN-13-001957. That petition was assigned record number 3-15-327-cv. This court entered a memorandum opinion on June 5, 2015, which denied the requested relief without explanation.

Hunter was not given a copy of the record the TCTDC clerk provided this court for the purpose of this appeal.

But Hunter's Appendix to her Appellant's Brief includes many documents Hunter did not find when Hunter viewed the TCTDC record in the underlying cause using

CCO. See e.g. Appellant's Appendix pp. 98–108 and 128. Hunter downloaded, viewed, and saved every document shown in the TCTDC record itemization of events as displayed in CCO (see Exhibit A), and all such documents that existed prior to January 2015, which is when Hunter filed her Appellant's Brief, are attached herein as a Appendix For Supplement To The Appellant's Brief. But Hunter discovered that the the TCTDC Clerk did not scan into CCO all pages of each document Hunter filed in TCTDC. For example, Hunter's Petition For Declaratory Judgment is about 67 pages. But the CCO shows only the first 10 pages of this document.

Finally, the underlying court has scheduled and held hearings in the underlying cause after this Appellant's Brief was filed. So, obviously, the underlying court knows that the underlying cause has not been dismissed. The fact is that the TCTDC Clerk only fabricated documents that she delivered to Hunter but that she did not include in the record to give Hunter the false impression that her case had been dismissed. And it was this false impression that caused Hunter to file her Appellant's Brief. Obviously, an appellate court will deny an appeal of an order that does not exist. And if the appellate court gives no reason for such a denial, which this court has done, the Appellant, who does not know that the TCTDC Clerk falsified documents in the record, can be easily frustrated at her inability to move her cause forward for the past 29 months and just

give up pursuit of her cause. And that is obviously the goal of the TCTDC Clerk...to frustrate Hunter for years to violate Hunter's constitutional rights and human rights. The TCTDC Clerk has made a sport out of willfully violating the U.S. Constitution.

Obviously, the TCTDC Clerk has violated Hunter's Due Process rights by falsifying the facts to Hunter for the past 29 months to block Hunter's underlying cause from moving forward.

Based on the TCTDC Clerk's record in the underlying cause, there is no order of dismissal and the underlying cause has not been dismissed.

Even if there somehow magically appears an order of dismissal, the underlying court has, by its actions, reopened the cause, at the Appellees' request, since it has held at least two hearings and entered two orders after Hunter filed her Appellant's Brief.

This appeal should be dismissed since it is an appeal of an order of dismissal that does not exist and because the TCTDC Clerk entered Hunter's MTR erroneously as a "Notice of Appeal" which means that the underlying court was barred from knowing that it had an obligation to hold a hearing on Hunter's MTR and could not have denied the MTR because 1) an order of dismissal did not exist and the MTR was not necessary, and 2) it did not know that the MTR existed...only because of the TCTDC Clerk's errors.

WHEREFORE, Hunter supplements her Appellant's Brief as set forth herein.

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Appellant, pro se
340 S. Walnut Ave. #9039, Walnut, CA 91789
Tel: 707-706-3647, Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

**CERTIFICATION**

I, Chase Carmen Hunter, certify that I have reviewed this petition and conclude that every factual statement in the petition is supported by competent evidence included in the appendix or record.

*cefth* 10/29/2015
_____
Chase Carmen Hunter

**CERTIFICATION IN COMPLIANCE WITH TEX. R. APP. P 9.4(i)(2)(B) and 9.4(i)(3)**

I, Chase Carmen Hunter, certify that this Petition Supplement contains 1273 words and 6 pages.

*cefth*
_____
Chase Carmen Hunter

**CERTIFICATION**

I, Chase Carmen Hunter, swear under penalty of perjury that the foregoing statements are true and correct.

_ceftk_

_____          _____10/29/2015_____
Chase Carmen Hunter


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the parties shown below as indicated:

Cynthia A. Morales, Assistant Attorney General
By Efile on 10/29/2015
Cynthia.Morales@texasattorneygeneral.gov
Facsimile: (512) 477-2348

Velva L. Price
Clerk of Travis County Texas District Court
By Efile on 10/29/2015

_ceftk_

_____
Chase Carmen Hunter

## <u>Travis County Civil Calendaring Online</u>

### Cause D-1-GN-13-001957

<u>!AFFIDAVIT INABILITY PAY COSTS</u>   (5 Pages - Scanned at 8/28/2015 2:15:02 PM)

<u>NTC:OTHER NOTICE</u>   (1 Page - Scanned at 8/27/2015 8:37:04 AM)

<u>OTHER FILING</u>   (2 Pages - Scanned at 8/23/2015 9:26:01 AM)

<u>NTC:OTHER NOTICE</u>   (1 Page - Scanned at 8/18/2015 5:40:03 PM)

<u>OTHER FILING</u>   (1 Page - Scanned at 8/13/2015 9:13:00 AM)

<u>OTHER FILING</u>   (2 Pages - Scanned at 8/4/2015 2:40:01 PM)

<u>!OTH:OTHER FILING</u>   (7 Pages - Scanned at 8/4/2015 2:32:21 PM)

<u>ORD:OTHER ORDER</u>   (1 Page - Scanned at 7/31/2015 7:38:11 AM)

<u>OTHER FILING</u>   (4 Pages - Scanned at 7/29/2015 3:19:01 PM)

<u>OTHER FILING</u>   (4 Pages - Scanned at 7/29/2015 12:16:00 PM)

<u>ORD:OTHER ORDER</u>   (1 Page - Scanned at 7/28/2015 3:59:01 PM)

<u>MTN:OTHER MOTION</u>   (7 Pages - Scanned at 7/28/2015 3:53:04 PM)

<u>OTHER FILING</u>   (1 Page - Scanned at 7/23/2015 9:53:02 AM)

<u>OTHER FILING</u>   (1 Page - Scanned at 7/16/2015 2:40:02 PM)

<u>NTC:OTHER NOTICE</u>   (2 Pages - Scanned at 7/16/2015 2:09:02 PM)

<u>OTHER FILING</u>   (1 Page - Scanned at 7/10/2015 12:58:19 PM)

<u>NTC:OTHER NOTICE</u>   (2 Pages - Scanned at 4/23/2015 9:57:01 AM)

<u>OTHER FILING</u>   (1 Page - Scanned at 4/21/2015 1:48:01 PM)

<u>MTN:OTHER MOTION</u>   (7 Pages - Scanned at 4/9/2015 9:10:01 AM)

<u>CERT OF LAST KNOWN ADDRESS</u>   (2 Pages - Scanned at 4/9/2015 9:04:04 AM)

<u>NTC:OTHER NOTICE</u>   (2 Pages - Scanned at 4/9/2015 9:03:02 AM)

<u>SUPPL DESIGNATION CLERK RECORD</u>   (5 Pages - Scanned at 4/2/2015 8:28:02 AM)

<u>ORD:OTHER ORDER</u>   (3 Pages - Scanned at 3/9/2015 12:57:02 PM)

<u>ORD:OTHER ORDER</u>   (9 Pages - Scanned at 3/6/2015 8:33:01 AM)

<u>OTHER FILING</u>   (1 Page - Scanned at 3/3/2015 2:13:03 PM)

<u>OTHER FILING</u>   (1 Page - Scanned at 3/3/2015 2:13:03 PM)

<u>OTHER FILING</u>   (1 Page - Scanned at 3/3/2015 2:13:03 PM)

<u>ORD:OTHER ORDER</u>   (2 Pages - Scanned at 2/23/2015 8:55:01 AM)

<u>ORD:OTHER ORDER</u>   (2 Pages - Scanned at 2/20/2015 10:44:07 AM)

<u>OTHER FILING</u>   (3 Pages - Scanned at 2/18/2015 6:56:05 AM)

<u>ORD:OTHER ORDER</u>   (3 Pages - Scanned at 2/2/2015 3:29:07 PM)

<u>ORD:OTHER ORDER</u>   (1 Page - Scanned at 2/2/2015 10:17:04 AM)

NOTE ENTERED BY APPELLANT: DOCUMENTS FILED AFTER THE CURRENT APPELLANT'S BRIEF WAS FILED
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<
<<<

EXHIBIT A

NOTE FROM APPELLANT: ALL LINE ITEMS BELOW ARE HYPERLINKED TO THE DOCUMENT IN THE APPENDIX (EXCEPT THE TOP TWO WHICH ARE NOT IN THE APPENDIX).

NOTE ENTERED BY APPELLANT: DOCUMENTS FILED AFTER THE CURRENT APPELLANT'S BRIEF WAS FILED: 1/29/2015

<<<

ORD:OTHER ORDER   (2 Pages - Scanned at 1/29/2015 9:26:19 AM)

OTHER FILING   (5 Pages - Scanned at 1/29/2015 9:23:21 AM)

OTHER FILING   (1 Page - Scanned at 12/29/2014 8:45:08 AM)

OTHER FILING   (1 Page - Scanned at 12/16/2014 10:41:05 AM)

NTC:NOTICE OF APPEAL   (2 Pages - Scanned at 12/3/2014 11:49:41 AM)

OTHER FILING   (7 Pages - Scanned at 12/3/2014 11:46:56 AM)

!AFFIDAVIT INABILITY PAY COSTS   (5 Pages - Scanned at 12/3/2014 11:41:12 AM)

OTHER FILING   (1 Page - Scanned at 12/3/2014 11:18:05 AM)

OTHER FILING   (1 Page - Scanned at 11/25/2014 1:59:04 PM)

OTHER FILING   (1 Page - Scanned at 10/23/2014 3:27:04 PM)

OTHER FILING   (4 Pages - Scanned at 10/22/2014 12:31:03 PM)

OTHER FILING   (7 Pages - Scanned at 10/22/2014 12:26:04 PM)

OTHER FILING   (1 Page - Scanned at 10/22/2014 12:04:04 PM)

NTC:NOTICE OF APPEAL   (6 Pages - Scanned at 9/29/2014 12:48:12 PM)

NTC:OTHER NOTICE   (3 Pages - Scanned at 8/29/2014 5:03:06 AM)

NTC:OTHER NOTICE   (2 Pages - Scanned at 5/27/2014 7:49:46 AM)

NTC:OTHER NOTICE   (8 Pages - Scanned at 5/23/2014 2:57:05 PM)

<<<---NOTE ENTERED BY APPELLANT: THIS IS NOT A NOTICE OF APPEAL. THIS IS A MOTION TO REINSTATE. BUT NOTICE THAT THERE IS NO ORDER OF DISMISSAL IN THE RECORD PRIOR TO THIS DATE.

OTHER FILING   (13 Pages - Scanned at 5/15/2014 3:57:06 PM)

OTHER FILING   (1 Page - Scanned at 5/15/2014 3:49:24 PM)

OTHER FILING   (1 Page - Scanned at 5/13/2014 9:24:06 AM)

OTHER FILING   (1 Page - Scanned at 4/2/2014 3:58:06 PM)

OTHER FILING   (1 Page - Scanned at 4/2/2014 3:57:04 PM)

MTN:OTHER MOTION   (6 Pages - Scanned at 4/1/2014 12:02:05 PM)

NTC:OTHER NOTICE   (6 Pages - Scanned at 3/28/2014 6:47:05 PM)

NTC:OTHER NOTICE   (2 Pages - Scanned at 3/25/2014 1:25:04 PM)

OTHER FILING   (1 Page - Scanned at 3/4/2014 12:21:08 PM)

MTN:OTHER MOTION   (8 Pages - Scanned at 2/24/2014 8:23:55 AM)

OTHER PETITION   (10 Pages - Scanned at 2/24/2014 8:23:55 AM)

OTHER FILING   (2 Pages - Scanned at 2/5/2014 12:14:06 PM)

LETTER   (1 Page - Scanned at 2/5/2014 12:08:08 PM)

LETTER   (1 Page - Scanned at 10/28/2013 5:43:08 PM)

MTN:TRANSFER   (10 Pages - Scanned at 10/9/2013 3:42:13 PM)

OTHER PETITION   (10 Pages - Scanned at 10/9/2013 3:01:19 PM)

AGREEMENT LTR PYMT COURT COSTS   (1 Page - Scanned at 8/29/2013 11:53:09 AM)

LETTER   (2 Pages - Scanned at 7/18/2013 2:01:05 PM)

MTN:OTHER MOTION   (10 Pages - Scanned at 7/15/2013 5:16:17 PM)

ORIGINAL PETITION/APPLICATION   (10 Pages - Scanned at 7/6/2013 3:03:07 PM)

MTN:OTHER MOTION   (3 Pages - Scanned at 6/19/2013 9:35:05 AM)

MTN:OTHER MOTION    (3 Pages - Scanned at 6/19/2013 9:34:05 AM)

AFFIDAVIT INABILITY PAY COSTS    (6 Pages - Scanned at 6/19/2013 9:32:04 AM)

UNOFFICIAL COPIES

Cause No. **D-1-GN-13001957**

CHASE CARMEN HUNTER,                    IN THE DISTRICT COURT OF

                                        TRAVIS COUNTY, TEXAS

                    Plaintiff,

v.

ELEANOR KITZMAN etc. et al.

                    Defendants.    250TH JUDICIAL DISTRICT

> **Filed in The District Court**
> **of Travis County, Texas**
> **SEP 26 2014**
> At _____ _P_ M.
> Amalia Rodriguez-Mendoza, Clerk


VERIFIED MOTION TO REINSTATE, VERIFIED MOTION TO DIRECT THE

CLERK OF THIS COURT TO PROVIDE SERVICES TO THE PLAINTIFF, AND

VERIFIED MOTION TO TRANSFER THIS CASE TO THE COURT OF APPEALS

**CERTIFICATION.**

I, Chase Carmen Hunter, state under penalty of perjury that the

following facts and argument are true and correct.

_____CCHH_____          ___9/22/14___

**STATEMENT OF THE ISSUES.**

1. The Plaintiff, Chase Carmen Hunter, ("Hunter") received notice

   from this Court stating that this Court <u>sua</u> <u>sponte</u> dismissed

   this lawsuit on August 25, 2014, pursuant to Travis County

   Texas District Court local rule 8.1 et seq.

-1-

EXHIBIT B

2. Hunter files this Verified Motion to Reinstate pursuant to Texas Rule of Civil Procedure ("TRCP") 165a(3).

**STATEMENT OF FACTS.**

3. This lawsuit has not moved forward only because the Clerk of the Travis County Texas District Court, Amalia Rodriguez-Mendoza ("ARM"), has violated Texas laws, federal laws, and the United States Constitution and has refused to provide Hunter with services she is required by law to provide.

4. ARM has refused, among other things, to perform her ministerial duty in accordance with the Texas Rules of Civil Procedure ("TRCP") Rule 145(a). Because Hunter filed an affidavit of indigency, ARM is required to docket, issue citations, and provide such other customary services; but ARM has refused to perform these duties.

5. Hunter filed a motion with Judge Dietz directly on July 11, 2013, titled, "Verified Motion Directly Filed With Judge John K. Dietz For Writ Of Mandamus And Prohibition Directed To The Honorable Amalia Rodriguez-Mendoza, Clerk Of The District Court Of Travis County Texas" ("Verified Motion"). This was faxed to Judge Dietz on July 11, 2013, to 512-854-9332. This Verified Motion asked Judge Dietz to direct ARM to perform her ministerial duties pursuant to, <u>inter alia</u>, TRCP 145(a). But Judge Dietz failed to respond to this Verified Motion.

-2-

6. Hunter subsequently filed a petition with the Texas Third District Court of Appeals ("TTDCA"), case 03-13-00468-cv, in which she requested that the TTDCA direct the trial court to perform its ministerial duties and to direct the trial court to direct ARM to perform her ministerial duties. Hunter served Judge Dietz and ARM with copies of this petition. This petition was denied.

7. Hunter subsequently filed an appeal with the Supreme Court of Texas ("SCT") of the TTDCA's ruling in case 03-13-00468-cv. The SCT case number is 14-0136. Hunter served Judge Dietz and ARM with copies of this appeal. This appeal was denied.

8. Hunter subsequently filed a petition for a writ of certiorari with the Supreme Court of the United States ("SCOTUS") of the SCT ruling in case 14-0136. The SCOTUS case number is 14-5698. Hunter served Judge Dietz and ARM with copies of this petition for a writ of certiorari. This petition is pending.

9. Hunter filed a lawsuit against ARM and two of her employees in United States District Court ("USDC") case 1:14-cv-00510-LY on about June 2, 2014. Hunter served ARM and the two employees with copies of this lawsuit. This lawsuit seeks relief from, inter alia, ARM's refusal to abide by Texas laws, federal laws, and the United States Constitution in Travis County Texas ("TCDC") xecfth District Court Case D-1-GN-13001957 which is this lawsuit. case xecfth This USDC is pending.

-3-

10. Hunter filed an appeal in the United States Court of Appeals Fifth Circuit ("5th USCA") of actions taken in USDC case 1:14-cv-00510-LY. The 5th USCA case number is 14-50766 and is pending.

11. Hunter filed a petition in the Inter-American Organization of Human Rights in February 2013 and it is petition number P-1385-13. This petition seeks relief from violations of Hunter's human rights arising from, inter alia, the events described in TCDC case D-1-GN-13001957 which is this lawsuit. This petition is pending.

12. There are at least two additional lawsuits pending in United States District Courts and United States Courts of Appeals that seek relief from, inter alia, the events described in TCDC case D-1-GN-13001957, including ARM's refusal to comply with Texas laws, federal laws, and the United States Constitution.

**ARGUMENT AND PRAYER**

13. Pursuant to TRCP 165a(3), Hunter has shown that there is no failure of the plaintiff that resulted in this Court's sua sponte dismissal of this lawsuit pursuant to TCDC local rule 8.1. Hunter has established that she is not indifferent to prosecuting this lawsuit, that she is actively engaged in prosecuting this lawsuit, that the only reason why this lawsuit has not moved forward is due to ARM's refusal to

-4-

perform ministerial duties, that the plaintiff has made no mistake, and there has been no accident.

14. Hunter respectfully requests that this Court review this matter and (1) grant this motion, (2) direct ARM to provide all customary services provided any other party without charge, (3) enter an order that declares that ARM must provide Hunter with free access to idocket.com so that Hunter can view her case progress, or in the alternative, that ARM send Hunter a weekly statement by facsimile that accurately reflects the activity of this lawsuit and of TCDC case D-1-GN-13002576, (4) transfer this cause to the Court of Appeals, Third District Court of Appeals, and (5) award Hunter such further relief to which she may be entitled.

<u>**VERIFICATION**</u>

I, Chase Carmen Hunter, state that the foregoing is true and correct.
IN WITNESS, Chase Carmen Hunter has signed this Verification below:

_____ (SEAL)
*Chase Carmen Hunter*

Commonwealth of Massachusetts
County of _____, to-wit:
Subscribed and sworn to before me this _____ day of _____ 20___ , by Chase Carmen Hunter

My commission expires:
Registration Number:

CHRISTINA A. BORDEAU
Notary Public
Commonwealth of Massachusetts
My Comm. Exp. Feb. 8, 2019

-5-

Respectfully Submitted,

*ccfhh*

Chase Carmen Hunter
Plaintiff, pro se
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing VERIFIED MOTION TO REINSTATE, VERIFIED MOTION TO DIRECT THE CLERK OF THIS COURT TO PROVIDE SERVICES TO THE PLAINTIFF, AND VERIFIED MOTION TO TRANSFER THIS CASE TO THE COURT OF APPEALS has been sent as follows:

by facsimile to (512) 490-1064 on September 22, 2014, to:

Eleanor Kitzman, Julia Rathgeber, and Texas Department Of Insurance
Texas Department of Insurance, MC113-2A
PO Box 149104
Austin, TX 78714-9104

By facsimile to (512) 477-2348 on September 22, 2014, to:

Cynthia A. Morales
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548

*ccfhh*
_____

Chase Carmen Hunter

-6-

UNOFFICIAL COPIES



## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 30, 2015

*Via E-Filing*
Velva L. Price
Travis County District Clerk
1000 Guadalupe
Austin, Texas 78701

Re: Cause No. D-1-GN-13-001957; *Chase Carmen Hunter v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance;* In the 250th Judicial District Court of Travis County, Texas

No. 03-14-00737-CV; *Chase Carmen Hunter v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance;* In the 3rd Court of Appeals, Austin

Dear Ms. Price:

Pursuant to Texas Rule of Appellate Procedure 34.5(c)(1), please prepare, certify, and file a supplemental record to the 3rd Court of Appeals in the above-referenced case that include copies of the following correspondence from your office in this case:

- June 24, 2014 Notice of Court Setting; and
- July 12, 2013 letter from clerk (including provided Issue Request Form).

Attached, please find courtesy copies of these two documents for your reference. Do not hesitate to contact me should you have any questions. Thank you.

Sincerely,

*/s/ Cynthia A. Morales*
Cynthia A. Morales
Texas State Bar No. 14417420
Assistant Attorney General
Financial Litigation, Tax, and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-4470 - Phone
(512) 477-2348 - Fax
cynthia.morales@texasattorneygeneral.gov

PAGES FROM
APPELLEES BRIEF,
APPENDIX G

Velva L. Price
Cause No. D-1-GN-13-001957
March 30, 2015
Page **2** of **2**

CAM/did
Enclosures

cc:   Chase Carmen Hunter
        340 S. Lemon Ave., #9039
        Walnut, CA  91789
        Fax:  703-997-5999
        chase_hunter@yahoo.com

UNOFFICIAL COPIES

**3/30/2015 4:37:38 PM**
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-13-001957**



KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 30, 2015

*Via E-Filing*
Velva L. Price
Travis County District Clerk
1000 Guadalupe
Austin, Texas 78701

     Re:    Cause No. D-1-GN-13-001957; *Chase Carmen Hunter v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance;* In the 250th Judicial District Court of Travis County, Texas

          No. 03-14-00737-CV; *Chase Carmen Hunter v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance;* In the 3rd Court of Appeals, Austin

Dear Ms. Price:

     Pursuant to Texas Rule of Appellate Procedure 34.5(c)(1), please prepare, certify, and file a supplemental record to the 3rd Court of Appeals in the above-referenced case that include copies of the following correspondence from your office in this case:

- June 24, 2014 Notice of Court Setting; and
- July 12, 2013 letter from clerk (including provided Issue Request Form).

     Attached, please find courtesy copies of these two documents for your reference. Do not hesitate to contact me should you have any questions. Thank you.

Sincerely,

*/s/ Cynthia A. Morales*
Cynthia A. Morales
Texas State Bar No. 14417420
Assistant Attorney General
Financial Litigation, Tax, and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-4470 - Phone
(512) 477-2348 - Fax
cynthia.morales@texasattorneygeneral.gov

Post Office Box 12548, Austin, Texas 78711-2548 • (512) 463-2100 • www.texasattorneygeneral.gov

**EXHIBIT C**

Velva L. Price
Cause No. D-1-GN-13-001957
March 30, 2015
Page **2** of **2**

CAM/did
Enclosures

cc:   Chase Carmen Hunter
      340 S. Lemon Ave., #9039
      Walnut, CA  91789
      Fax:  703-997-5999
      chase_hunter@yahoo.com



## Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P. O. Box 679003
Austin, Texas 78767

July 12, 2013

Chase Carmen Hunter

P. O. Box 9075

Fredericksburg, VA 22403

Re:    Cause No. D-1-GN-13-001957; Chase Carmen Hunter v. Eleanor Kitzman, In Her Official Capacity as Commissioner of Insurance, et al; In the 250th Judicial District Court, Travis County, Texas

Dear Ms. Hunter:

We have received and filed your Original Petition. In order to assist you to the extent we legally may, please submit the following:

       copies of the petition for each party that will be attached to the citation

       name and address information for each party you wish to have served with citation
       *(issuance request form provided)*

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-4295 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |

**ISSUE REQUEST FORM**

Cause # _____ Style _____ vs _____

---

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____

Street/P.O. Box                    City, State                    Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____                    Hold for pick-up by _____

Mail to: _____

Name                                        Address

---

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____

Street/P.O. Box                    City, State                    Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____                    Hold for pick-up by _____

Mail to: _____

Name                                        Address

---

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____

Street/P.O. Box                    City, State                    Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____                    Hold for pick-up by _____

Mail to: _____

Name                                        Address

---

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____

Street/P.O. Box                    City, State                    Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____                    Hold for pick-up by _____

Mail to: _____

Name                                        Address

# NOTICE OF COURT SETTING

IN THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

FOR CAUSE NO. D-1-GN-13-001957

HUNTER CHASE CARMEN
VS.
KITZMAN ELEANOR

THE ABOVE CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION ON THE
COURT'S MOTION ON THE 1st day of August, 2014 AT  1:45 PM IN SAID
COURT, UNLESS A MOTION TO RETAIN IS FILED PRIOR TO THAT DATE.

PLEASE READ THE TRAVIS COUNTY LOCAL RULES CHAPTER 8 -- PROCEDURES FOR
DISMISSAL FOR WANT OF PROSECUTION

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

DATED: 6/24/2014

UNOFFICIAL COPIES

No. 03-14-00737-cv

_____

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

_____

CHASE CARMEN HUNTER v. DAVID MATTAX IN HIS OFFICIAL

CAPACITY AS COMMISSIONER OF INSURANCE AND THE TEXAS

DEPARTMENT OF INSURANCE

_____

APPENDIX FOR SUPPLEMENT TO APPELLANT'S BRIEF WITHOUT

ORAL ARGUMENT

_____

From Cause D-1-GN-13001957 In The 250th District Travis

County, Texas, The Honorable John K. Dietz Presiding

_____

Chase Carmen Hunter, *pro se*
340 S. Lemon Ave. #9039
Walnut, CA 91789
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

To the Honorable Justices of the Court:

The Appendix For Supplement To Appellant's Brief is attached.

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Appellant, pro se
340 S. Walnut Ave. #9039, Walnut, CA 91789
Tel: 707-706-3647, Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

## CERTIFICATION

I, Chase Carmen Hunter, swear under penalty of perjury that the documents shown in the attached appendix are true and accurate copies of each and every document that I obtained from the clerk of the underlying court on October 14th and 15th, 2015.

_____
Chase Carmen Hunter

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Appendix For Supplement To Appellant's Brief was served upon the parties shown below as indicated:

Cynthia A. Morales
Assistant Attorney General
By efile on October 27, 2015
Cynthia.Morales@texasattorneygeneral.gov
Facsimile: (512) 477-2348

Velva L. Price

Clerk of Travis County Texas District Court
By Efile on 10/27/2015

_ce f tt_
_____
Chase Carmen Hunter

UNOFFICIAL COPIES

Cause No. D-1-GN-13-001957

| | |
|---|---|
| CHASE CARMEN HUNTER, | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | TRAVIS COUNTY, TEXAS |
| ELEANOR KITZMAN IN HER OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, JOHN/JANE DOE IN HIS/HER OFFICIAL CAPACITY AS INTERIM COMMISSIONER OF INSURANCE, OR AS COMMISSIONER OF INSURANCE, AND THE TEXAS DEPARTMENT OF INSURANCE, SERVE GREG ABBOTT, THE ATTORNEY GENERAL OF TEXAS, | |
| Defendants. | 250th JUDICIAL DISTRICT |

Filed In The District Court
of Travis County, Texas BD

JUN 07 2013

At _____ 10:50 ____ A.M.
Amalia Rodriguez-Mendoza, Clerk

**ORIGINAL VERIFIED MOTION TO PROCEED IN *FORMA PAUPERIS***

TO THE HONORABLE JUDGE OF THIS COURT:

The above-named Plaintiff, herein referred to as "Hunter", hereby files this Original Verified Motion To Proceed In *Forma Pauperis* and would respectfully show the Court as follows:

The Plaintiff asks for leave to file the attached Original Verified Petition for Declaratory Judgment without prepayment of fees and to proceed in *forma pauperis*. The Plaintiff's Affidavit in support of this motion is attached hereto.

Approved w/payment plan 6/18/13

APPENDIX SUPPLEMENT P.1

Respectfully Submitted,

Chase Carmen Hunter
Plaintiff, pro se
PO Box 9075
Fredericksburg, VA 22403
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.2

**AFFIDAVIT OR DECLARATION**
**IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

I, __Chase Carmen Hunter_____, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ n/a | $ 0 | $ n/a |
| Self-employment | $ 800 | $ n/a | $ 500 | $ n/a |
| Income from real property (such as rental income) | $ 1600 | $ n/a | $ 1600 | $ n/a |
| Interest and dividends | $ 0 | $ n/a | $ 0 | $ n/a |
| Gifts | $ 50 | $ n/a | $ 0 | $ n/a |
| Alimony | $ 0 | $ n/a | $ 0 | $ n/a |
| Child Support | $ 0 | $ n/a | $ 0 | $ n/a |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ n/a | $ 0 | $ n/a |
| Disability (such as social security, insurance payments) | $ 0 | $ n/a | $ 0 | $ n/a |
| Unemployment payments | $ 0 | $ n/a | $ 0 | $ n/a |
| Public-assistance (such as welfare) | $ 0 | $ n/a | $ 0 | $ n/a |
| Other (specify): _____ | $ 0 | $ n/a | $ 0 | $ n/a |
| **Total monthly income**: | $ 2450 | $ n/a | $ 2100 | $ n/a |

APPENDIX SUPPLEMENT P.3

2. List your employment history for the past two years, most recent first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| self | PO Box 9075 Fredbrg, VA | 2001-present | $ 800 |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| n/a | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 40

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Wells Fargo | checking | $ 6 dollars | $ n/a |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

☒ Home     225,000 - homestead
Value _____

☒ Other real estate
Value 110,000

☒ Motor Vehicle #1     '07 Suzuki XL7
Year, make & model _____
Value 8900

☐ Motor Vehicle #2     n/a
Year, make & model _____
Value _____

☐ Other assets     none
Description _____
Value _____

APPENDIX SUPPLEMENT P.4

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| n/a | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| self | n/a | n/a |
| none | n/a | n/a |
| none | n/a | n/a |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 1250 | $ n/a |
| Are real estate taxes included? ☒ Yes ☐ No | | |
| Is property insurance included? ☒ Yes ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 200 | $ n/a |
| Home maintenance (repairs and upkeep) | $ 100 | $ n/a |
| Food | $ 50 | $ n/a |
| Clothing | $ 5 | $ n/a |
| Laundry and dry-cleaning | $ 10 | $ n/a |
| Medical and dental expenses | $ 40 | $ n/a |

APPENDIX SUPPLEMENT P.5

| | You | Your spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 20 | $ n/a |
| Recreation, entertainment, newspapers, magazines, etc. | $ 15 | $ n/a |

Insurance (not deducted from wages or included in mortgage payments)

| | You | Your spouse |
|---|---|---|
| Homeowner's or renter's | $ 0 | $ n/a |
| Life | $ 0 | $ n/a |
| Health | $ 0 | $ n/a |
| Motor Vehicle | $ 85 | $ n/a |
| Other: _____ | $ 0 | $ n/a |

Taxes (not deducted from wages or included in mortgage payments)

| | You | Your spouse |
|---|---|---|
| (specify): car tax | $ 40 | $ n/a |

Installment payments

| | You | Your spouse |
|---|---|---|
| Motor Vehicle | $ 260 | $ n/a |
| Credit card(s) | $ 200 | $ n/a |
| Department store(s) | $ 0 | $ n/a |
| Other: _____ | $ 0 | $ n/a |
| Alimony, maintenance, and support paid to others | $ 0 | $ n/a |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ n/a |
| Other (specify): _____ | $ 0 | $ n/a |
| **Total monthly expenses**: | $ 2275 | $ n/a |

IN WITNESS, Chase Carmen Hunter has signed this Affidavit:

_J. CC Hut_
Chase Carmen Hunter

Commonwealth of Virginia
City/County of _Spotsylvania_ to-wit:
Subscribed and sworn to before me this _25_ day of _may_ 20 _13_, by Chase Carmen Hunter
My commission expires:
Registration Number:

_Lindsey Nicole Shipe_

LINDSEY NICOLE SHIPE
NOTARY PUBLIC
REG. #7550307
MY COMMISSION EXPIRES
05/31/17
COMMONWEALTH OF VIRGINIA

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.6

UNOFFICIAL COPIES

Cause No. D1-GN13-001957

CHASE CARMEN HUNTER,          IN THE DISTRICT COURT OF

                Plaintiff,

v.                            TRAVIS COUNTY, TEXAS

ELEANOR KITZMAN IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF INSURANCE,         Filed In The District Court
JOHN/JANE DOE IN HIS/HER            of Travis County, Texas
OFFICIAL CAPACITY AS INTERIM
COMMISSIONER OF INSURANCE,             JUN 07 2013
OR AS COMMISSIONER OF                     10:50 A.M.
INSURANCE, AND THE TEXAS           At_____
DEPARTMENT OF INSURANCE,           Amalia Rodriguez-Mendoza, Clerk
SERVE GREG ABBOTT, THE
ATTORNEY GENERAL OF TEXAS,

        Defendants.        250th    JUDICIAL DISTRICT


### MOTION PURSUANT LOCAL RULE 10.5.1 (11/2006)

TO THE HONORABLE JUDGE OF THIS COURT:

**COMES NOW,** Chase Carmen Hunter ("Plaintiff"), herein referred to as "Hunter", and files this Motion Pursuant Local Rule 10.5.1 (11/2006) ("Motion LR 10.5.1").

Hunter is simultaneously filing an Original Verified Petition For Declaratory Judgment ("Petition") that is sixty-seven (67) pages in length. Hunter does not believe that this Petition is limited to being fifty (50) pages in length pursuant Local Rule 10.5.1 (11/2006) because this Petition is being filed pursuant the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem Code § 37.003, et seq. and Texas Gov't Code §

APPENDIX SUPPLEMENT P.7

2001.038 et seq. Hunter believes that Local Rule 10.5.1 applies to petitions filed only pursuant Texas Gov't Code § 2001.038 et seq.

But since Hunter has no prior experience with this Court, Hunter files this Motion LR 10.5.1 in the event that this court determines, with or without notice to Hunter, that her Petition is subject to the page limitations of Local Rule 10.5.1. In such a circumstance, Hunter respectfully requests that this Court grant her leave to file her sixty-seven (67) page Petition.

The Petition is sixty-seven (67) pages long because the Defendants knowingly abandoned the essential elements of law since December 2011, made multiple, gross misinterpretations and misapplications of about twenty (20) or more administrative agency rules ("Rules") and Texas Statutes ("Statutes"), applied unconstitutionally vague Rules and Statutes, applied Rules and Statutes unconstitutionally to Hunter, applied overbroad Rules and Statutes to Hunter, acted without regard for the United States Constitution and the Texas Constitution, and acted without regard for the laws of Texas and the laws of the United States. The counsel of record for the Texas Department of Insurance ("TDI"), Whitney Ellis ("Ellis"), actively litigated a sham administrative action againt Hunter in the State Office of Administrative Hearings ("SOAH") since December 2011. After the final hearing on the merits in the SOAH, after the Administrative Law Judge ("ALJ") had issued his Proposal For Decision ("PFD"), and two days after Hunter notified Ellis of a complaint she filed against Ellis with the State Bar of Texas alleging multiple violations of the Disciplainary Rules of Professional Conduct, Ellis filed a Motion To Dismiss the administrative action against Hunter.

The Defendants' actions are so egregious, so extensive, and so utterly unconscionable that Hunter believes that the length of the Petition was unavoidable and was dictated by the Defendants' actions.

APPENDIX SUPPLEMENT P.8

**WHEREFORE, PREMISES CONSIDERED,** if this Court deems that Local Rule 10.5.1 is applicable to this filing, the Plaintiff respectfully requests this Court grant this Motion LR 10.5.1 and to grant any other relief to which Hunter is entitled.

Respectfully Submitted,

*C C Hut*

Chase Carmen Hunter
PO Box 9075
Fredericksburg, VA 22403
(707) 706-3647 (Phone)
(703) 997-5999 (Fax)
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion LR 10.5.1 was served upon the parties shown below as indicated

Chief Clerk
Texas Department of Insurance
ChiefClerk@tdi.texas.gov

Greg Abbott, Attorney General of Texas
greg.abbott@texasattorneygeneral.gov

*ee Hut*

Chase Carmen Hunter

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.9

UNOFFICIAL COPIES

Cause No. D-1-GN-13-001957

| | |
|---|---|
| CHASE CARMEN HUNTER, | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | TRAVIS COUNTY, TEXAS |
| ELEANOR KITZMAN IN HER OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, JOHN/JANE DOE IN HIS/HER OFFICIAL CAPACITY AS INTERIM COMMISSIONER OF INSURANCE, OR AS COMMISSIONER OF INSURANCE, AND THE TEXAS DEPARTMENT OF INSURANCE, SERVE GREG ABBOTT, THE ATTORNEY GENERAL OF TEXAS, | |
| Defendants. | 250th JUDICIAL DISTRICT |

Filed In The District Court
of Travis County, Texas

JUN 07 2013

At ___10:50___ A.M.
Amalia Rodriguez-Mendoza, Clerk

## MOTION TO APPEAR BY AFFIDAVIT AND BY TELEPHONE FOR

## ANY AND ALL HEARINGS

## AND

## MOTION FOR COURT-APPOINTED COUNSEL TO ASSIST THE PLAINTIFF

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Chase Carmen Hunter ("Plaintiff"), herein referred to as "Hunter", and files this Motion To Appear By Affidavit and By Telephone For Any And All Hearings And Motion For Court-Appointed Counsel To Assist The Plaintiff.

APPENDIX SUPPLEMENT P.10

It is not possible for Hunter to appear in person because she is a resident of Virginia, has been a resident of Virginia for more than twenty-five (25) years, has never resided in Texas, has not been in Texas since the year 2001 or 2002, and is indigent[1]. Hunter is indigent, in part, due to her extended distraction from being able to substantially perform her job duties because she has had to devote her time, money and resources defending the underlying administrative cause brought against her by the Defendants in Decemeber 2011. Hunter's Original Verified Petition for Declaratory Judgment sets forth throughout and in numbered paragraph 203 that the Defendants' unconscionable actions have seriously injured Hunter's professional reputation on a national scale. Hunter has had to exhaust countless hours to try to mitigate the damage, if possible, inflicted upon her maliciously by the Defendants.

The Original Verified Petition For Declaratory Judgment is indubitably meritorious.

It is well settled in Texas law that when a person cannot appear personally during a civil action, the person should be allowed to proceed by affidavit, deposition, telephone, or other effective means. See Reyna v. Mitchell, 2008 WL 5062954 at *2; In re Marriage of Bolton, 256 S.W.3d at 833 (Tex.App.-Dallas 2008, no pet.), Boulden v. Boulden, 133 S.W.3d 886-87 (Tex.App.-Dallas 2004, no pet.), Green v. Kaposta, No. 05-08-01041-CV, 2009 WL 4045249, *1 (Tex. App.-Dallas Nov. 24, 2009, no pet.) (mem. op.), In re R.C.R., 230 S.W.3d at 426; Sweed, 139 S.W.3d at 452; Allen v. Rushing, 129 S.W.3d 226, 230 (Tex.App.-Texarkana 2004, no pet.); Aguilar v. Alvarado, 39 S.W.3d 244, 248 (Tex.App.-Waco 1999, pet. denied).

For all the reasons set forth herein and set forth in the Original Verified Petition for Declaratory Judgment, Hunter respectfully requests that this Court appoint a lawyer,

---

[1] See Original Verified Motion To Proceed In Forma Pauperis

APPENDIX SUPPLEMENT P.11

without charge, who will assist Hunter in her continued efforts to protect her constitutional rights and human rights.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully requests that this Court grant the Motion To Appear By Affidavit and By Telephone For Any And All Hearings And Motion For Court-Appointed Counsel To Assist The Plaintiff and to grant any other relief to which Hunter is entitled.

Respectfully Submitted,

Chase Carmen Hunter
PO Box 9075
Fredericksburg, VA 22403
(707) 706-3647 (Phone)
(703) 997-5999 (Fax)
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion To Appear By Affidavit and By Telephone For Any And All Hearings And Motion For Court-Appointed Counsel To Assist The Plaintiff was served upon the parties shown below as indicated

Chief Clerk
Texas Department of Insurance
ChiefClerk@tdi.texas.gov

Greg Abbott, Attorney General of Texas
greg.abbott@texasattorneygeneral.gov

Chase Carmen Hunter

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.12

UNOFFICIAL COPIES

**D-1-GN-13-001957**

Cause No. _____

| | |
|---|---|
| CHASE CARMEN HUNTER, | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | TRAVIS COUNTY, TEXAS |
| ELEANOR KITZMAN IN HER OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, JOHN/JANE DOE IN HIS/HER OFFICIAL CAPACITY AS INTERIM COMMISSIONER OF INSURANCE, OR AS COMMISSIONER OF INSURANCE, AND THE TEXAS DEPARTMENT OF INSURANCE, SERVE GREG ABBOTT, THE ATTORNEY GENERAL OF TEXAS, | |
| Defendants. | _250th_ JUDICIAL DISTRICT |

Filed in The District Court
of Travis County, Texas

ES JUN 07 2013

At_____M.

Amalia Rodriguez-Mendoza, Clerk

**ORIGINAL VERIFIED PETITION FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

The above-named Plaintiff, herein referred to as "Hunter", hereby files this Original Verified Petition for Declaratory Judgment and would respectfully show the Court as follows:

**DISCOVERY CONTROL PLAN**

1. Hunter has elected to conduct discovery under Level 2 or Rule 190.3, Texas Rules of Civil Procedure.

- 1 -

APPENDIX SUPPLEMENT P.13

## THE PARTIES.

### The Plaintiff.

2.  Chase Carmen Hunter ("Hunter") is a resident of Virginia, has never resided in Texas, and has spent less than 72 hours in Texas during the past twenty (20) years. Hunter has no property or business locations in Texas. Hunter has no contracts with any private Texas entities and is not a party to any written or oral contracts that are established under or based on Texas laws except any agreements that may exist between Hunter and the Defendants as a result of Hunter obtaining a Texas non-resident insurance agent license ("License"). Hunter has no ties to Texas other than communications sent and received electronically. She has been a licensed Virginia resident insurance agent in good standing for nearly twenty years. She has been a licensed Texas non-resident insurance agent since 2003. The Texas Department of Insurance ("TDI") issued and renewed Hunter's License.

### The Defendants.

3.  Eleanor Kitzman ("Kitzman") is the Commissioner of Insurance ("Commissioner") for the TDI. The Texas Constitution established the Commissioner's position for the purpose of regulating insurance. Upon information and belief, she has not been reappointed by the Governor of Texas and has not been confirmed by the Texas Senate. She will no longer be the Commissioner on June 1, 2013.

4.  Kitzman is sued in her official capacity as the Texas Commissioner of Insurance. She can be served at the Texas Department of Insurance, 333 Guadalupe, Austin, Travis County, Texas.

-2-

APPENDIX SUPPLEMENT P.14

5. John/Jane Doe is the person who will replace Kitzman, temporarily and/or permanently, when her term is expected to expire at the end of May 2013. Upon information and belief, the Governor of Texas has not appointed her replacement yet.

6. TDI is a Texas state government agency that regulates insurance.

7. Greg Abbott is the Attorney General of Texas. He can be served at the Price Daniel Building, 209 West 14th St, 8th Floor, Austin, Travis County, Texas.

8. All named defendants will be referred herein collectively as "Defendants".

## JURISDICTION AND VENUE.

9. This lawsuit is brought under the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem Code § 37.003, et seq. and Texas Gov't Code § 2001.038 et seq. This Court has subject matter jurisdiction pursuant to Tex. Const. Art. 5, § 8 and Tex. Gov't Code §§ 24.007 & 24.008. Venue is proper in Travis County District Court pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Texas Gov't Code § 2001.038(b). Tex. Ins. Code Ann ("TIC") § 36.101 establishes that TDI is subject to Texas Gov't Code §§ 2001 and 2002.

## NATURE OF LAWSUIT.

10. First and foremost, this petition clearly sets forth that the Defendants have abused their authority under color of law to commit crimes against the United States of America, against Texas, and against Hunter. The Defendants abused their authority to defame Hunter and to tortiously interfere in Hunter's business. The Defendants have violated the laws of this country, the laws of Texas, the United States Constitution, the Texas Constitution, and Hunter's constitutional and human rights.

- 3 -

APPENDIX SUPPLEMENT P.15

11. Within three days after Hunter filed a complaint against Whitney Ellis ("Ellis"), the counsel of record for TDI, with the State Bar of Texas on about May 13, 2013, which alleged that Ellis had violated many of the Disciplinary Rules of Professional Conduct in the underlying cause, Ellis filed a motion to dismiss the underlying cause against Hunter in the State Office of Administrative Hearings ("SOAH").

12. Ellis is not a defendant and this petition is not directed at Ellis. She is affiliated with the Defendants because she is the counsel of record for the Defendants in the SOAH that underlies this lawsuit.

13. This dispute would not be before this Court if the Defendants did not have the full cooperation of the Administrative Law Judge ("ALJ") in the SOAH. The ALJ acted with absolute disregard for the United States Constitution, the Texas Constitution, the laws, the Rules, and the Statutes relevant to the underlying case. The ALJ and Ellis violated many of the Disciplinary Rules of Professional Conduct, and they fabricated a series of false circumstances against Hunter to, *inter alia*, issue an interim SOAH order granting discovery sanctions against Hunter. The ALJ stated for the first time on the last day of the hearing on the merits, after TDI rested its case-in-chief, that these discovery sanctions barred Hunter from testifying, barred her from any right to be granted the many motions that she made that the ALJ take official/judicial notice of United States and Texas laws and constitutions, barred her from any right to be granted the many motions she made that the ALJ take official notice of relevant facts and Rules, and barred her from being allowed to offer rebuttal testimony and evidence. The ALJ entered a Proposal For Decision ("PFD")

- 4 -

in the SOAH that proposed that Hunter's License be revoked that did not include a ruling on each of Hunter's Proposed Findings of Fact ("PFF").[1]

14. To further demonstrate the depth of this injustice against Hunter: even the Clerk of the SOAH ("Clerk") was acting in violation of laws to prejudice Hunter. As just one example, the Clerk violated many laws and did not scan Transcripts[2] that were filed by the Defendants into the Clerk's online document retrieval system. The Defendants explicitly requested that the Clerk hide parts of the record from Hunter in this manner. Hunter filed many motions in the SOAH to unseal the record. TDI filed responses to said motions with the SOAH in which it stated that if Hunter wanted to see the full SOAH record, she could travel from Virginia to Texas to see it or pay TDI for it.

15. This is a lawsuit seeking a declaratory judgment that formally establishes that the

---

[1] When the PFD was drafted by the ALJ, his ruling on each of Hunter's proposed findings was a general statement that Hunter filed proposed findings, that her proposed findings lacked merit, that he would not rule on Hunter's proposed findings, and that he dismissed Hunter's proposed findings without further consideration for these reasons

[2] The use of the word "Transcript" or "Transcripts" refers only to the Transcripts of the hearing on the merits in the SOAH cause 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.c on September 11th and 13th, 2012.

- 5 -

Rules[3] set forth herein are unconstitutionally vague, unconstitutionally vague as applied, have been misapplied, and have been misinterpreted. As a result, the Official Order of the Texas Commissioner of Insurance, No. 2497, dated May 8, 2013, ("Order of Revocation") is not effective.

16. This is a lawsuit seeking a declaratory judgment that formally establishes that the Statutes[4] set forth herein are unconstitutionally vague, unconstitutionally vague as applied. have been misapplied, and have been misinterpreted. As a result, the Official Order of the Texas Commissioner of Insurance, No. 2497, dated May 8, 2013, ("Order of Revocation") is not effective.

17. This lawsuit is seeking a declaratory judgment that formally establishes that the Order of Revocation is not effective pursuant Gov't Code 2001.054(c) et seq.

18. This lawsuit is seeking a declaratory judgment that formally establishes that the Order of Revocation is void for any and all other relevant reasons including, but not limited to, fraud upon the court, extrinsic fraud, intrinsic fraud, common law fraud,

---

[3] "Rules" refers Title 28 of the Texas Administrative Code (TAC). The TAC is a compilation of all state agency rules in Texas. There are 16 titles in the TAC. Each title represents a subject category and related agencies are assigned to the appropriate title. Title 28 is assigned to TDI. Tex. Gov't Code 2001.003(6) et seq. defines "Rule" as: (A) means a state agency statement of general applicability that:(i) implements, interprets, or prescribes law or policy; or (ii) describes the procedure or practice requirements of a state agency; (B) includes the amendment or repeal of a prior rule; and (C) does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures.

[4] "Statutes" refers to The Texas Government Code, the Texas Insurance Code ("TIC"), and the Texas Business and Commerce Code referenced herein.

- 6 -

APPENDIX SUPPLEMENT P.18

constitutionality grounds, adverse to public policy, contrary to Texas laws, and contrary to federal laws..

19. This is not a petition initiating judicial review. This Court's review of the issues is *de novo* under the Texas Uniform Declaratory Judgment Act ("TUDJA"). The issues set forth herein arise from knowledge Hunter gained of the Defendants' Practices of misinterpreting, misapplying, and fabricating Rules; from the Defendants' Practices of promulgating Rules that are unconstitutionally vague and unconstitutionally vague as applied, and from the Defendants' reliance upon Statutes and Rules that are unconstitutionally vague and unconstitutionally vague as applied. These Practices were revealed during the hearings held in a contested case and in the Order of Revocation. Tex. Gov't Code 2001.176(b)(3) stipulates that the "filing of the petition vacates a state agency decision for which trial *de novo* is the manner of review authorized by law".

20. Hunter does not waive her constitutional and statutory rights to, *inter alia*, 1) file a Motion to Rehear[5] and to 2) file a Petition for Judicial Review[6]. Tex. Gov't Code Ann. § 2001.038(d) permits Hunter to simultaneously defend the underlying cause and to file this petition.

21. Hunter does not waive her right to enjoy the statutory automatic reversal of this Order of Revocation.[7]

22. This petition is written in a continuing nature. Hunter will not adopt by reference any section of the petition into another section because all sections, subsections, and

---

[5] See Tex. Gov't Code 2001.145 et seq.

[6] See Tex. Gov't Code 2001.176 et seq.

[7] See Tex. Gov't Code 2001.176(b)(3)

- 7 -

APPENDIX SUPPLEMENT P.19

divisions of any kind, by any title given, are continuing in nature. All divisions are automatically adopted by reference into any and all other divisions.

23. Hunter respectfully apologizes to this Court if it takes issue with the length of this petition. Hunter is not a lawyer. Hunter has tried to find legal representation to no avail. Hunter truly believes this petition includes only that which is a required element.

## THE FACTS AND STATEMENT OF THE CASE.

### General.

24. TDI filed a Notice of Hearing ("NOH") with the SOAH in December 2011. A hearing was scheduled in about January or February 2012 with the SOAH for September 2012. Hearings were held on September 11th and 13th, 2012.

25. There is no other case in the history of TDI enforcement proceedings in which the Defendants filed an NOH with the SOAH to enforce advertising violation allegations.

26. There is no other case in the history of TDI enforcement proceedings in which the Defendants revoked a license issued by TDI due to allegations of advertising violations.

27. The Defendants' witnesses in the SOAH, Brenda Luu ("Luu") and Jack Evins ("Evins"), did not recommend that Hunter's License be revoked.

### Allegations Against Hunter.

28. TDI made twelve (12) allegations ("Allegations") against Hunter in its NOH. Allegations 1 and 2 arise from a civil dispute between Hunter and an Illinois

- 8 -

APPENDIX SUPPLEMENT P.20

Company located in Utah with no locations in Texas.[8] Allegations 3-12 arise from a civil dispute between Hunter and Lester Kalmanson Agency, Inc., ("LKAI") a Florida Corporation with no locations in Texas and from a complaint LKAI filed against Hunter with TDI in October 2009 ("October 2009 Complaint")[9]. Hunter, the Illinois Company, and LKAI are business competitors who offer liability insurance to people who own dogs. The Allegations are as follows:

29. **Allegation 1:** Hunter has misappropriated, converted to the license holder's own use, or illegally withheld m[sic] money belonging to an insurer, as contemplated by TIC § 4005.101(b)(4).

30. **Allegation 2:** Hunter engaged in fraudulent or dishonest acts or practices, as contemplated by TIC § 4005.101(b)(5)

31. **Allegation 3:** Hunter has advertised and solicited insurance contracts in a manner which directly or indirectly disparages competitors, their policies, services or business methods and unfairly disparages or minimizes competing methods or marketing insurance, as contemplated by 28 Tex Admin. Code Ann ("TAC") § 21.110(a) which states:

> "An advertisement may not directly or indirectly unfairly disparage competitors, their policies, services, or business methods, and may not unfairly disparage or minimize competing methods of marketing insurance." See 28 TAC § 21.110(a)

32. **Allegation 4:** Hunter has advertised and solicited insurance contracts, in a manner greater than advertising the mere availability of such coverage, under a surplus lines carrier's name, as contemplated by TIC § 981.001(b)(6) which states:

---

[8] This will be discussed in more detail later.

[9] This will be discussed in more detail later.

APPENDIX SUPPLEMENT P.21

"The transaction of surplus lines insurance is a subject of concern and it is necessary to provide for the regulation, taxation, supervision, and control of these transactions and the practices and matter related to these transactions by: (6) protecting authorized insurers, which under the laws of this state must meet strict standards relating to the regulation and taxation of the business of insurance, from unfair competition by unauthorized insurers." See TIC § 981.001(b)(6);

33. **Allegation 5:** Hunter has advertised and solicited insurance contracts in a manner which directly or indirectly makes an unfair or incomplete comparison of policies, benefits, dividends, or rates, or compares incomparable policies, as contemplated by 28 TAC § 21.111(a) which states:

"An advertisement may not directly or indirectly make an unfair or incomplete comparison of policies, benefits, dividends, or rates, or compare noncomparable policies." See 28 TAC § 21.111(a);

34. **Allegation 6:** Hunter has advertised and solicited insurance contracts in a manner that is not truthful or is misleading either in fact or implication, as contemplated by 28 TAC § 21.103(a) which states:

"It is required that advertisements be truthful and not misleading either in fact or in implication." See 28 TAC § 21.103(a);

35. **Allegation 7:** Hunter has advertised and solicited insurance contracts in a manner that omits information, gives false implications or impressions, is misleading or deceptive or has the tendency or capacity to be misleading or deceptive, as contemplated by 28 TAC § 21.112 which states:

"Failure to abide by §§ 21.101 – 21.122 of this division (relating to Insurance Advertising) is prohibited. An omission of information, false implication, or impression which is misleading or deceptive or has the tendency or capacity to be misleading or deceptive is prohibited. The requirements of this division apply to either or both insurers and agents irrespective of whether acts or practices are

- 10 -

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.22

UNOFFICIAL COPIES

Filed in The District Court
of Travis County, Texas

JUL 11 2013

At _____ 12:18 P. M.
Amalia Rodriguez-Mendoza, Clerk

Cause No. **D-1-GN-13001957**

| | |
|---|---|
| CHASE CARMEN HUNTER, | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | TRAVIS COUNTY, TEXAS |
| ELEANOR KITZMAN IN HER OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, JOHN/JANE DOE IN HIS/HER OFFICIAL CAPACITY AS INTERIM COMMISSIONER OF INSURANCE, OR AS COMMISSIONER OF INSURANCE, AND THE TEXAS DEPARTMENT OF INSURANCE, SERVE GREG ABBOTT, THE ATTORNEY GENERAL OF TEXAS, | |
| Defendants. | 250TH JUDICIAL DISTRICT |

**VERIFIED MOTION DIRECTLY FILED WITH JUDGE JOHN K. DIETZ FOR WRIT OF MANDAMUS AND PROHIBITION DIRECTED TO THE HONORABLE AMALIA RODRIGUEZ-MENDOZA, CLERK OF THE DISTRICT COURT OF TRAVIS COUNTY TEXAS**

**CERTIFICATION.**

I, Chase Carmen Hunter, state under penalty of perjury that the following facts and argument are true and correct.

- 1 -

APPENDIX SUPPLEMENT P.23

*cefth*        July 11, 2013

**STATEMENT OF THE ISSUES.**

1. The Honorable Amalia Rodriguez Mendoza ("Mendoza") has interfered in the jurisdiction of Hunter's case D-1-GN-13001957 (this case).

2. Any reference to Mendoza includes any people in Mendoza's office with whom Hunter has had contact.

3. Mendoza has refused to provide Hunter with the customary services provided any other party.

4. Mendoza is the Clerk of the District Court in Travis County, Texas. Her physical address is 1000 Guadalupe St. Austin, TX 78701.

5. Mendoza has acted contrary to Hunter's substantive and procedural Due Process rights and contrary to Texas Rules of Civil Procedure Rule 145 et seq. Mendoza has told Hunter that she cannot file a motion for court-appointed counsel. Mendoza has refused to respond to Hunter's repeated requests for a current status of her case #D-1-GN-13001957. Mendoza has taken steps to prohibit this Court's jurisdiction. Mendoza has blocked Hunter from accessing this Travis County District Court ("TCDC"). Mendoza has denied Hunter the protection of the law and of the courts.

- 2 -

**STATEMENT OF JURISDICTION.**

6. This Court has jurisdiction to grant this petition for writ of mandamus and prohibition under Section 24.011 of the Texas Government Code and Texas Rule of Civil Procedure 74.

**ISSUES PRESENTED FOR PETITION FOR WRIT OF MANDAMUS AND PROHIBITION**

1. Whether or not Mendoza has interfered this Court's jurisdiction by violating Hunter's substantive and procedural Due Process rights by refusing to comply with Texas Rule of Civil Procedure 145 (a) which sets forth that upon the filing of the affidavit [of indigency], the clerk must "docket the action, issue citation and provide such other customary services as are provided any party."

   a. Hunter has called Mendoza's office as many times as eight (8) times in one day without reaching a person or voicemail system. Sometimes, Hunter reaches a person by telephone who has told Hunter that she has no answers to basic questions regarding the docketing and processing of Hunter's action. Hunter has sent facsimiles to Mendoza requesting status updates of her case. But Mendoza has refused to respond. Mendoza has contacted Hunter and has left only mysterious voicemail messages and has sent only mysterious emails that only ask Hunter to contact Mendoza. But no details are provided. Hunter has attempted to return such mysterious communications received from Mendoza's office but a person seldom answers the telephone, there is no voicemail system, and the person who answers is unable to find Hunter's Pet DJ, unable to explain why the attempt to electronically file was rejected, and unable to provide a status of the processing of Hunter's action.

   b. Mendoza has refused to give Hunter free access to Mendoza's docket information system so that Hunter can view the status of her case. Providing Hunter with access to view the docket entries of her case is a customary service that is provided any other party. Since Hunter has filed an affidavit of indigency and is indigent, Mendoza is required to provide Hunter free access to the docket information system to view the

- 3 -

APPENDIX SUPPLEMENT P.25

progress of her case, or in the alternative, send Hunter the information that can be found in the idocket.com information system by facsimile once per week.

2. Whether or not Mendoza has interfered and is interfering in this Court's jurisdiction by violating Hunter's substantive and procedural Due Process rights by attempting to circumvent the requirement of Texas Rule of Civil Procedure 145 (d) by

    a. denying Hunter's affidavit [of indigency],

    b. trying to communicate her denial of Hunter's affidavit [of indigency] by telephoning Hunter, and

    c. communicating a denial of Hunter's affidavit [of indigency] by emailing Hunter.

## ISSUES PRESENTED FOR PETITION FOR DECLARATORY RELIEF

1. Whether or not Mendoza is violating and has violated Hunter's Due Process rights and Texas Rule of Civil Procedure ("TRCP") Rule 145(a) and has refused to perform her ministerial duties by

    a. failing to "provide such other customary services as are provided any party". Mendoza has refused to issue citations, refused to cause the service of process upon the defendants, has refused to answer her telephone when Hunter calls her, has refused to respond to Hunter's facsimiles, and has refused to give Hunter free access to Mendoza's docket information system so that the Hunter can view the status of her case. Providing Hunter with access to view the docket entries of her case is a customary service that is provided any other party. Since Hunter has filed an affidavit of indigency and is indigent, Mendoza is required to provide Hunter with free access to the docket information system to view the progress of her case, or in the alternative, send Hunter the information that can be found in the idocket.com information system by facsimile once per week.

    b. telling Hunter that she cannot file a motion for court-appointed counsel and refusing to file said motion.

## STATEMENT OF FACTS.

- 4 -

APPENDIX SUPPLEMENT P.26

7. Hunter filed her Original Verified Petition for Declaratory Judgment ("Pet DJ") with Mendoza's office on May 25, 2013, by electronic filing. Hunter received correspondence from Ruben Tamez, who works in Mendoza's office, stating only that this electronic filing was rejected and that Hunter needed to contact Mendoza.

8. On June 16, 2013, Hunter sent a facsimile to every district court in Travis County as follows:

> "To Whom It May Concern:
>
> I attempted to electronically file my civil petition and two motions on May 25, 2013. My filing was rejected with no reason given. I was directed to contact Ruben Tamez by telephone to discuss what I needed to successfully file my civil petition. I called the telephone number given, 512-854-5841, eight (8) times on June 3, 2013. But Mr. Tamez did not answer and there is no voicemail. A woman answered two or three times but could not tell me why my filing was rejected because she did not know.
>
> I therefore mailed my civil petition along with three motions on June 4, 2013, to the address shown on your website which is PO Box 1748, Austin TX 78767. The tracking number of my mailed envelope is 9505500001113155000188. The United States Postal Service insists that my envelope was delivered. Yet, my petition has not yet been docketed. I spoke with Mr. Tamez on June 10th and 14th, 2013, and he states that he cannot find my petition.
>
> I am especially disappointed to be told by Mr. Tamez that the PO Box shown on your website is not the correct mailing address for the civil district court. Mr. Tamez told me on June 14, 2013, that PO Box 679003 is the correct mailing address.
>
> I am indigent and I have now spent more than $14 in postage and electronic filing fees and my petition has not been docketed and cannot be found. I have also spent money printing the approximate 100 pages that make up the petition and three motions that seem to be lost.

- 5 -

APPENDIX SUPPLEMENT P.27

I am desperately seeking your help in locating my civil petition and three motions and docketing them promptly.

Please, look for my civil petition and my three motions and docket them expeditiously."

9. During one telephone call on June 3, 2013, Hunter spoke with Brooke Daniel[1] ("Daniel") who told Hunter that Daniel did not know why the electronic filing of Hunter's Pet DJ was rejected. Daniel was able to view Hunter's electronic filing and told Hunter that Hunter could not file a motion for court-appointed counsel [which was filed electronically along with the Pet DJ]. Hunter explained to Daniel that Hunter could not withhold or withdraw a motion she wanted to file based only on Daniel's suggestion and that Hunter was seeking a ruling by the judge on the motion.

10. On about June 18, 2013, Hunter was contacted by Mendoza and given a case number for her Pet DJ which is **D-1-GN-13001957**. Hunter subsequently received from Mendoza file-stamped copies of the first pages of her Pet DJ and accompanying motions that she mailed to Mendoza on June 4, 2013. The file stamps show that the pages were file stamped on June 7, 2013, and the date of mailing of said file-stamped copies to Hunter was June 19, 2013.

---

[1] She is also erroneously referred to as "Brook Daniels". Her correct name is "Brooke Daniel".

- 6 -

APPENDIX SUPPLEMENT P.28

11. On June 18, 2013, Hunter sent the following letter by facsimile:

"To: Brook Daniels, Clerk of the 53rd Civil District

VIA FACSIMILE: 512-854-9332

**RE: D-1-GN-13001957**

Dear Ms. Daniels:

I received a voicemail from you today but you did not tell me what you need. I called you back and left a voicemail message. I called a total of three of four times.

I still cannot find my case on iDocket.com.

I am indigent and cannot afford to pay to buy CHIPS on iDocket.com to view my case which costs a whopping $14 to view the case the first time and $7 each additional time.

As you can see by my petition, I have been defending an unconscionable government action against me since 2011, and defending this unreasonable action has made it difficult for me to perform my job duties and to earn a living.

Is there a way that you can communicate with me by fax? Fax number is 703-997-5999. Otherwise, I will keep trying to reach you by phone."

12. On June 25, 2013, Hunter sent the following letter by facsimile:

"To: Brook Daniels, Clerk of the 53rd Civil District

VIA FACSIMILE: 512-854-9332

**RE: D-1-GN-13001957**

Dear Ms. Daniels:

I received a voicemail message from you at 5:26pm EST on June 18, 2013, and at 10:14am EST on June 19, 2013. Your voicemail messages only asked that I call you. You have

-7-

never communicated with me any reason why you are calling or what you need. You have always stated only that you want me to call you. However, I have called you repeatedly and there is no answer. I have left voicemail messages.

I sent you a fax on June 18, 2013, asking you to communicate with me in writing due to this communication problem.

I do not understand the very mysterious nature of your communication with me and the fierce effort I must exhaust just to get my petition docketed and to try to understand the mysterious communications from you and Ruben in which you both simply state that you need me to contact you. But each and every time I call either one of you, there is no answer and Ruben has no voicemail.

Please, communicate with me the specific reasons why you are calling me by fax. Fax number is 703-997-5999."

13. On June 25, 2013, Hunter sent the following second letter by facsimile and email:

**"From:** <--Chase Hunter--> [mailto:ChaseH@ChaseAgency.com]
**Sent:** Tuesday, June 25, 2013 1:41 PM
**To:** 'Brooke Daniel'
**Subject:** RE: reply to fax

Dear Ms. Daniel:

Can you provide me with a court order that communicates this decision please?

I cannot appeal an email. I need a court order. Can you fax this court order to me and mail the order to me?

Fax: 703-997-5999
mail: PO Box 9075
Fredericksburg, VA 22403

Thank you,
Chase Hunter

**From:** Brooke Daniel [mailto:Brooke.Daniel@co.travis.tx.us]
**Sent:** Tuesday, June 25, 2013 1:21 PM
**To:** chaseh@chaseagency.com
**Subject:** reply to fax

- 8 -

APPENDIX SUPPLEMENT P.30

Ms. Hunter,

I am currently at my desk and if you call me now I can help you. I'm sorry if you have had trouble reaching me. You have been sending a fax to the judge's office, but I work in the district clerk's office. If you must send a fax to me, please send it to my fax number at (512)854-6627.

I was calling to inform you that your Affidavit of Inability to pay costs was not approved. We did not waive the filings fees, however, you were approved for a payment plan. Also, if you would like any citations to be issued, please request them in writing. Also, we do not accept fax filings so you will have to either mail in your letter requesting service, or eFile it if you are not able to file in person. Please be advised that you will be responsible for the citation and constable service fees, and these will be added to your payment plan if you would like to request service. I will be at my desk for rest of the day if you would like to call me with any questions, or feel free to reply to this email.

Brooke Daniel
53rd Court Clerk
Travis County District Clerk
1000 Guadalupe St., 3rd Floor
Austin, Texas 78701
Tel: (512)854-5881
Fax: (512)854-6627"

14. On June 25, 2013, Hunter sent the following third letter by

facsimile:

"To: Brook Daniels, Clerk of the 53rd Civil District

VIA FACSIMILE: 512-854-9332

**RE: D-1-GN-13001957 – THIRD FAX FOR JUNE 25, 2013**

Dear Ms. Daniels:

I received a voicemail message from you on June 25, 2013 at 3:59pm EST. You stated: "I had a couple of things to tell you about your case that I would like to tell you over the phone and not in a message." As you can see by my petition,

-9-

APPENDIX SUPPLEMENT P.31

I am defending an unconscionable government action and you work for that same government. I am very concerned at how much effort I had to exert just to get my petition docketed.

In response to your email which I have attached, the Texas Rules of Civil Procedure do not give you discretion under Rule 145(a) to refuse to docket, issue citations, and provide such other customary services. However, Rule 145(d) allows the clerk to contest the affidavit by filing a written contest. See below.

Given that this is the law of Texas, I expect that you will treat me in accordance with the law.

As such, you must issue citations and provide such other customary services.

**RULE 145. AFFIDAVIT OF INDIGENCY**

(a) *Affidavit*. In lieu of paying or giving security for costs of an original action, a party who is unable to afford costs must file an affidavit as herein described. A "party who is unable to afford costs" is defined as a person who is presently receiving a governmental entitlement based on indigency or any other person who has no ability to pay costs. **Upon the filing of the affidavit, the clerk must docket the action, issue citation and provide such other customary services as are provided any party.**

 (d) *Contest*. The defendant or the clerk may contest an affidavit that is not accompanied by an IOLTA certificate by filing a written contest giving notice to all parties and, in an appeal under Texas Government Code, Section 28.052, notice to both the small claims court and the county clerk. A party's affidavit of inability that attests to receipt of government entitlement based on indigency may be contested only with respect to the veracity of the attestation. Temporary hearings will not be continued pending the filing of the contest. If the court finds at the first regular hearing in the course of the action that the party (other than a party receiving a governmental entitlement based on indigency) is able to afford costs, the party must pay the costs of the action. Reasons for such a finding must be contained in an order. Except with leave of court, no further steps in the action will be taken by a party who is

- 10 -

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.32

UNOFFICIAL COPIES



## COURT OF APPEALS



Filed in The District Court
of Travis County, Texas

JUL 17 2013 TR

At _____ 10:55 A M.

Amalia Rodriguez-Mendoza, Clerk

THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.3rdcoa.courts.state.tx.us
(512) 463-1733

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

JEFFREY D. KYLE, CLERK

July 15, 2013

Chase Carmen Hunter
P.O. Box 9075
Fredericksburg, VA 22403

Sara Shiplet Waitt
Tx Dept Of Insurance
P.O. Box 149104
Austin, TX 78714-9104

Honorable John K. Dietz
Judge, 250th District Court
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767

The Honorable Amalia Rodriguez-Mendoza
Civil District Clerk
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767

RE:    Court of Appeals Number:    03-13-00468-CV
       Trial Court Case Number:    D-1-GN-13-001957

Style:    In re Chase Carmen Hunter

Dear Honorable John K. Dietz, Honorable Amalia Rodriguez-Mendoza, Counsel and Chase Carmen Hunter:

Relator's petition for writ of mandamus and Motion to proceed in forma pauperis was filed in this Court on the date noted above.

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *Amy Strother*
Amy Strother, Deputy Clerk

APPENDIX SUPPLEMENT P.33



UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.34

UNOFFICIAL COPY



Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P. O. Box 679003
Austin, Texas 78767

June 19, 2013

CHASE CARMEN HUNTER
PO BOX 9075
FREDERICKSBURG, VIRGINIA 22403

RE: Agreement Letter

Cause No. D-1-GN-13-001957    Style: HUNTER VS COMMISSIONER OF INSU

Dear Mrs. Chase Carmen Hunter,

Pursuant to our conversation on June 07, 2013, you agreed to pay the amount of $252.00 by making monthly payments of $40.00 the first of each month with the initial payment beginning July 11, 2013 . Upon receipt of these payments, your financial obligation of $252.00 to the District Clerk's Office of Travis County will be completed, unless there are additional services rendered.

Please sign below to signify that you are in agreement, pursuant to Rule 11 TRCP.

Thank you for your cooperation, and if I can be of further assistance, please feel free to contact me at (512) 854-3651.

Respectfully,


Cristina M.
Accounting Clerk


_____

Mrs. Chase Carmen Hunter


L48 - 000000455

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-9669 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.35

UNOFFICIAL COPIES

To: 512-854-9332          From: Fax Sender          Pg 10/37 08/17/13 4:11 am

No.   D-1-GN-13-001957  250TH
      D-1-GN-13-002576  200TH

Filed in The District Court
of Travis County, Texas

**AUG 19 2013** BD

At _____ 5:00 P. M.
Amalia Rodriguez-Mendoza, Clerk

## IN THE THIRD COURT OF APPEALS

## AUSTIN, TEXAS

## IN RE CHASE CARMEN HUNTER, RELATOR

## PETITION FOR WRIT OF MANDAMUS AND PROHIBITION AND

## PETITION FOR DECLARATORY JUDGMENT

On Petition For A Writ Of Mandamus And Prohibition From Cause D-1-GN-13002576 From The 261st District Travis County, Texas, The Honorable JUDGE LORA J. LIVINGSTON Presiding

Chase Carmen Hunter, *pro se*
PO Box 9075
Fredericksburg, VA 22403
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.36

## IDENTITY OF PARTIES

Relator: Chase Carmen Hunter

Respondents: Honorable Judge Lora J. Livingston sitting for the 261st District Court Travis County, Texas; and Amalia Rodriguez-Mendoza, in her official capacity as Clerk of The Travis County District

Real Parties In Interest (also referred herein as "Defendants"): ELEANOR KITZMAN IN HER OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, JULIA RATHGEBER IN HER OFFICIAL CAPACITY AS COMMISSIONER OF INSURANCE, AND THE TEXAS DEPARTMENT OF INSURANCE

Counsel For Relator:

Chase Carmen Hunter, *pro se*
PO Box 9075
Fredericksburg, VA 22403
Telephone: 707-706-3647
Facsimile: 703-997-5999
Email: Chase_Hunter@yahoo.com

-2-

APPENDIX SUPPLEMENT P.37

## TABLE OF CONTENTS

CERTIFICATION...................................................................................5

STATEMENT OF THE CASE..................................................................5

STATEMENT OF JURISDICTION.............................................................6

ISSUES PRESENTED............................................................................7

STATEMENT OF FACTS.........................................................................7

    SERVICES WHICH THE CLERK MUST PROVIDE TO HUNTER............15

ARGUMENT..........................................................................................16

    GROUNDS FOR DECLARATORY RELIEF AND GROUNDS TO GRANT

    PETITION FOR WRIT OF MANDAMUS AND PROHIBITION..................16

PRAYER...............................................................................................22

CERTIFICATIONS.................................................................................23

## TABLE OF AUTHORITIES

### FEDERAL CASES

Abbott Labs. v. Gardner, 387 U.S. 136, 153 (1967)............21

Connally V. General Construction Co.,

    269 U.S. 385, 391 (1926).................................................20

Grayned v. City of Rockford,

    408 U.S. 104, 108 (1972).................................................20

MedImmune, Inc. v. Genetech, Inc.,

APPENDIX SUPPLEMENT P.38

549 U.S. 118, 133 (2007)................................................19

**STATE CASES**

<u>In re Bernard</u>, 993 S.W.2d 453, 454-544 ........................................18

<u>In re Nubine</u>,

    No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534.................17

<u>In re Taylor</u>, 28 S.W.3d 240, 248-250......................................18

**STATE STATUTES AND RULES**

Texas Gov't Code Sec. 22.221(a)................................................6
Texas Rule of Civil Procedure Rule 74..................6, passim
Texas Rule of Civil Procedure 145 (a)...........................7, passim

Texas Uniform Declaratory Judgment Act,

    Tex. Civ. Prac. & Rem Code § 37.003, et seq....................6

-4-

APPENDIX SUPPLEMENT P.39

APPENDIX SUPPLEMENT P.40

## CERTIFICATION.

I, Chase Carmen Hunter, state under penalty of perjury that the following facts and argument are true and correct.

8/17/13 _____ ~~eeftth~~

## STATEMENT OF THE CASE.

1. The relator incorporates by reference Texas Third Court of Appeals record 03-13-00468-CV which is pending.

2. Judge Lora J. Livingston ("Judge Livingston") is the presiding judge of the 261st District in Travis County District Court. Her physical address is 1000 Guadalupe St. Austin, TX 78701.

3. Amalia Rodriguez-Mendoza ("Clerk") is the Clerk of the District Court in Travis County, Texas. Her physical address is 1000 Guadalupe St. Austin, TX 78701.

4. The Relator, (herein referred to as "Hunter"), filed an ORIGINAL VERIFIED PETITION FOR JUDICIAL REVIEW AND

-5-

APPENDIX SUPPLEMENT P.41

PETITION FOR DECLARATORY JUDGMENT AND INJUNCTION ("Pet JR and DJ") and an ORIGINAL VERIFIED MOTION TO PROCEED IN *FORMA PAUPERIS* ("Mot IFP") on July 25, 2013 (collectively referred to as "Petition and Motion") with the Clerk. See Appendix pp 2-139. The Pet JR and DJ[1] seeks relief from the multiple reversible errors found in State Office of Administrative Hearings ("SOAH") Cause #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.c.

5. The Clerk has refused to file Hunter's Mot IFP.

6. Judge Livingston has refused to allow Hunter to file her Pet JR and DJ and her Mot IFP directly with Judge Livingston as is permitted by Texas Rule of Civil Procedure ("TRCP") Rule 74.

## STATEMENT OF JURISDICTION.

7. This Court has jurisdiction to grant this Petition under Section 22.221(a) of the Texas Government Code. This Petition is also brought under the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem Code § 37.003, et seq. because Hunter is asking this Court

---

[1] See Appendix pp 9-139

-6-

APPENDIX SUPPLEMENT P.42

to declare Hunter's rights to prevent a repeat of these same issues set forth herein. This Court has subject matter jurisdiction pursuant to Tex. Const. Art. 5, § 8.

## ISSUES PRESENTED FOR PETITION FOR WRIT OF MANDAMUS AND PROHIBITION

1. Whether or not the Respondents have interfered and/or are interfering in the TCDC's jurisdiction by refusing to file Hunter's Mot IFP. By refusing to file Hunter's Mot IFP, the Respondents can avoid having to comply with Texas Rule of Civil Procedure 145 (a) which sets forth that upon the filing of the affidavit [of indigency], "the clerk must docket the action, issue citation and provide such other customary services as are provided any party." See TRCP Rule 145(a) located at Appendix p 214.

## STATEMENT OF FACTS

8. The Respondents have interfered in the jurisdiction of the underlying cause in TCDC.

9. The Respondents have refused to provide Hunter with the customary services provided any other party.

-7-

APPENDIX SUPPLEMENT P.43

10. The Clerk has acted contrary to Hunter's substantive and procedural Due Process rights and contrary to TRCP Rule 145 et seq.

11. The Clerk has refused to respond to Hunter's repeated requests to provide file-stamped copies of Hunter's Pet JR and DJ and Hunter's Mot IFP in TCDC Cause #D-1-GN-13002576.

12. The Clerk has taken steps to prohibit TCDC's jurisdiction in Cause #D-1-GN-13002576. She has refused to file Hunter's Mot IFP; refused to issue citations; and has refused serve the defendants with the citations, the Pet JR and DJ, and the Mot IFP.

13. Hunter received the following voicemail message from Brooke Daniel, who works for the Clerk, at about 4:05pm CST on July 31, 2013:

> "Good afternoon. I am trying to reach Chase Hunter. This is Brooke Daniel with the Travis County District clerk's office.
>
> I still haven't heard back from you regarding this new petition. I just wanted to let you know that we are going to file it as an amended petition in the existing suit. If you have any questions or if you have – uh –– or if you prefer it to be as a new suit, please call me back and let me know."

- 8 -

APPENDIX SUPPLEMENT P.44

I prefer that you call me on your way. The number here is 512 854 5881.

I will be here until 5:30 central time. Thank you."

14. Hunter filed her Pet JR and DJ and Mot IFP directly with Judge Lora J. Livingston on July 31, 2013. See Appendix pp 141-189.

15. Hunter received the attached response shown in Appendix pp 190-191 from Delaine J. Foss, a staff attorney which erroneously states that Judge Livingston has no "control [over] the operations of the District Clerk's Office".

16. Hunter did not know that Judge Livingston had refused to allow Hunter to file her Pet JR and DJ and Mot IFP directly with her until about August 12, 2013.

17. Subsequently, Hunter received an email from Brooke Daniel who works for the Clerk, on August 1, 2013, which advised Hunter that her Pet JR and DJ had been filed. See Appendix p 192.

18. When the Brooke Daniel ("Daniel"), who works for the Clerk, emailed Hunter the cause number for the underlying cause (See Appendix p 192), Hunter assumed

-9-

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.45

UNOFFICIAL COPIES

ProDoc FaxService      Page  2 of 28

No. 03-13-00557-CV

Filed in The District Court
of Travis County, Texas

SEP 1 2 2013 BD

At _____ M.
Amalia Rodriguez-Mendoza, Clerk

D-1-GN-13-001957  250TH
D-1-GN-13-002576  200TH

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

IN RE CHASE CARMEN HUNTER, RELATOR

ORIGINAL VERIFIED MOTION TO TRANSFER TO THE COURT OF
APPEALS FOR THE THIRD COURT OF APPEALS DISTRICT
PURSUANT TEXAS GOVERNMENT CODE 2001.176(C) AND
MEMORANDUM AND LAW IN SUPPORT OF MOTION

Chase Carmen Hunter, *pro se*
PO Box 9075
Fredericksburg, VA 22403
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

## ORIGINAL VERIFIED MOTION TO TRANSFER AND

## MEMORANDUM AND LAW IN SUPPORT

### CERTIFICATION.

I, Chase Carmen Hunter, state under penalty of perjury that the following facts and argument are true and correct.

_ee ffu._ _____     _9/12/13_ _____

### STATEMENT OF FACTS

1. The Relator, Chase Carmen Hunter, herein referred to as "Hunter", filed a Petition for Writ of Mandamus And Prohibition and Petition For Declaratory Judgment ("Petition Writ") with this Court on August 17, 2013.

2. Hunter incorporates her Petition Writ by reference as if set forth fully herein.

3. Hunter incorporates the Appendix that accompanied her Petition Writ as if set forth fully herein.

4. On August 1, 2013, Hunter filed with Judge Gisela D. Triana, of the 200th District of the Travis County Texas District Court ("TCTDC"), a VERIFIED MOTION DIRECTLY FILED WITH JUDGE GISELA D. TRIANA FOR WRIT OF MANDAMUS AND PROHIBITION DIRECTED TO THE HONORABLE AMALIA RODRIGUEZ-MENDOZA, CLERK OF THE DISTRICT COURT OF

2

TRAVIS COUNTY TEXAS, AND REQUEST FOR DECLARATORY RELIEF ("TCDC Petition Writ") AND MOTION THAT JUDGE TRIANA TRANSFER THIS CAUSE TO THE COURT OF APPEALS FOR THE THIRD COURT OF APPEALS DISTRICT PURSUANT TEXAS GOVERNMENT CODE 2001.176(C)[1] ("TCDC Motion To Transfer"). See Appendix pp 200-213.

5. Upon information and belief, Judge Triana has not entered an order in response to the TCDC Petition Writ and has not entered an order in response to the TCDC Motion To Transfer.

6. The TCDC Petition Writ and the TCDC Motion To Transfer will soon be denied by operation of law.

7. In the meantime, the real parties in interest have not filed an Answer to the ORIGINAL VERIFIED PETITION FOR JUDICIAL REVIEW AND PETITION FOR DECLARATORY JUDGMENT AND INJUNCTION ("Petition JR")[2] that Hunter filed with the TCTDC on July 25, 2013, which is TCTDC Cause D-1-GN-13002576. The Answer was due no later than August 19, 2013. The real parties in interest were properly served with the Petition JR. See Appendix Supplement p 13

---

[1] See Appendix Supplement p 17
[2] See Appendix pp 9-140

3

8. Mendoza filed Hunter's Petition JR but refused to issue citations and refused to provide other services that are normally provided to any other party.

9. However, a Petition JR is not required to be served by citation. See Appendix Supplement p 5, ¶ 4-6.

10. Hunter filed a Motion For Default Judgment on September 9, 2013, with the TCTDC in TCTDC Cause D-1-GN-13002576. See Appendix Supplement pp 3-16.

## MEMORANDUM AND LAW IN SUPPORT

11. The facts in TCTDC cause D-1-GN-13002576 establish grave violations by the real parties in interest of federal laws, state laws, the United States Constitution, the Texas Constitution, and Hunter's human rights.

12. The facts in TCTDC cause D-1-GN-13002576 establish that the real parties in interest have acted unlawfully and have acted against Hunter to protect the unlawful actions of a Utah-based company and of a Florida-based company.

13. The real parties in interest have acted to monopolize the Texas insurance market (and the national insurance market) by revoking Hunter's non-resident Texas insurance license to prevent Texans from having easy,

4

APPENDIX SUPPLEMENT P.49

cheap access to the liability insurance Hunter offers to people who own dogs. There are only about four agencies in the United States that offer such insurance and the agency in Florida, Lester Kalmanson Agency, Inc., is one of them. Its president, Mitchel Kalmanson has taken shocking unlawful actions against Hunter with the help of others to threaten to kill Hunter, to hurt Hunter, to arrest Hunter without charge, to incarcerate Hunter without charge[3], to devise criminal contempt charges against Hunter in violation of Hunter's constitutional rights and human rights, to bankrupt Hunter with fraudulent court documents, to cause a local Sheriff to break into Hunter's home, under color of law, to seek to arrest her based on fraudulent court documents arising from Florida (a state in which Hunter has no ties), and many other things. And the real parties in interest have acted unlawfully against Hunter in support of these crimes. Hunter has a

---

[3] Hunter was incarcerated without charge for 8 days in November 2012 while Lester Kalmanson Agency, Inc. was allowed by a Virginia court to attempt to empty bank accounts held in Hunter's name at six randomly-chosen banks, based on the authority of only fraudulent Florida court documents. Such banks were demanded to empty said bank accounts within 6 days despite the fact that Virginia law requires 1) a minimum of 21 days and 2) that Hunter be given the opportunity to request a hearing on exemption from said garnishment summonses within 7 days.

5

petition pending in the Inter-American Commission on Human Rights in which she is invoking protection under international human rights treaties. It is petition number P-1385-13.

14. It shocks the conscience that the real parties in interest would act unlawfully to destroy Hunter's life and her business only because Hunter can make it easier for Texans than Lester Kalmanson Agency, Inc. to obtain liability insurance.

15. The real parties in interest have attacked Hunter only because she makes it easy for dog owners to obtain liability insurance!!!

16. It is in the most serious interest of the public that the issues set forth herein are promptly resolved and that an authoritative determination of the issues be determined. The issues are appealable to the Court of Appeals for the Third Court of Appeals.

17. Given the fact that Mendoza has refused to comply with Texas Rule of Civil Procedure ("TRCP") 145(a), given the fact that Judge Livingston refused to mandate that Mendoza comply with TRCP 145(a) even though she had authority to do so, given the fact that Judge Gisela has not responded expeditiously to Hunter's TCDC Petition Writ and has not responded expeditiously to

6

APPENDIX SUPPLEMENT P.51

Hunter's TCDC Motion Transfer, and given the fact that the real parties in interest have failed to defend Hunter's Petition JR even though they were properly served; this court has or will very imminently have jurisdiction to grant this ORIGINAL VERIFIED MOTION TO TRANSFER.

**PRAYER**

18. Plaintiff respectfully requests that this Court grant Hunter's ORIGINAL VERIFIED MOTION TO TRANSFER and award Hunter such further relief to which she may be entitled.

Respectfully Submitted,

*C C Htr*

Chase Carmen Hunter
Plaintiff, *pro se*
PO Box 9075
Fredericksburg, VA 22403
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

**CERTIFICATION IN COMPLIANCE WITH TEX. R. APP. P
52.3(k) (1)(A) and (1)(C) AND TEX. R. APP. P
52.7(a)(1)**

7

APPENDIX SUPPLEMENT P.52

I, Chase Carmen Hunter, swear under penalty of perjury that the documents shown in the Appendix previously filed and the Appendix Supplement contemporaneously filed with this Original Verified Motion To Transfer are true and accurate copies of those documents that are contained in the record in the underlying cause. I have received no documents related to the underlying cause other than those included in the Appendix. The Clerk will not answer the telephone and will not provide me with customary services "provided any party". So, I have not asked the Clerk to provide certified copies. Further, I am indigent and cannot afford to pay the Clerk for certified copies and the Mendoza has refused to act in compliance with TRCP Rule 145(a), has refused to answer the telephone when I call, and has refused to respond to my facsimiles sent. See ¶ 43, p23 of Texas Third Court of Appeals record 03-13-00468-CV.

_Chase Carmen Hunter_

Chase Carmen Hunter

## CERTIFICATION IN COMPLIANCE WITH TEX. R. APP. P 10.1(5)

I, Chase Carmen Hunter, certify that I have attempted to confer with the Respondents and the real parties in interest on this motion to transfer and they have been non-responsive.

_Chase Carmen Hunter_

Chase Carmen Hunter

8

APPENDIX SUPPLEMENT P.53

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ORIGINAL VERIFIED MOTION TO TRANSFER TO THE COURT OF APPEALS FOR THE THIRD COURT OF APPEALS DISTRICT PURSUANT TEXAS GOVERNMENT CODE 2001.176(C)** was served upon the parties shown below as indicated

Judge Gisela D Triana
By Facsimile on September 12, 2013 at (512) 854-4523

Judge Lora J. Livingston
By Facsimile on September 12, 2013 at 512-854-9332

Amalia Rodriguez-Mendoza
By Facsimile on September 12, 2013 at 512-854-9549

Chief Clerk
Texas Department of Insurance
By Facsimile on September 12, 2013 at 512-490-1064

_Chase Carmen Hunter_
Chase Carmen Hunter

9

APPENDIX SUPPLEMENT P.54

# APPENDIX
# SUPPLEMENT

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.55

UNOFFICIAL COPY

FILE COPY



# COURT OF APPEALS

THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.3rdcoa.courts.state.tx.us
(512) 463-1733

Filed in The District Court
of Travis County, Texas

SEP 0 6 2013

At_____M.
Amalia Rodriguez-Mendoza, Clerk

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

JEFFREY D. KYLE, CLERK

September 6, 2013

Ms. Sara Shiplet Waitt
Tx Dept Of Insurance
P.O. Box 149104
Austin, TX 78714-9104
* DELIVERED VIA E-MAIL *

The Honorable Amalia Rodriguez-Mendoza
Civil District Clerk
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     03-13-00468-CV
        Trial Court Case Number:     D-1-GN-13-001957

Style:     In re Chase Carmen Hunter
           v.

Dear Counsel and Honorable Amalia Rodriguez-Mendoza:

The Court requests that real party in interest and the District Clerk's Office file a response to relator's petition for writ of mandamus that was filed in this court **July 15, 2013**. Please file your response with the Clerk of this Court on or before **Friday, September 20, 2013**.

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: _Amy Strother_
     Amy Strother, Deputy Clerk

cc:     Ms. Chase Carmen Hunter

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.56

UNOFFICIAL COPY

FILE COPY

**COURT OF APPEALS**
**FOR THE**
**THIRD DISTRICT OF TEXAS**
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
(512) 463-1733

*Filed in The District Court
of Travis County, Texas*
*At*
*JAN 07 2014*
*Amalia Rodriguez-Mendoza, Clerk*
*M.*

Date:          January 7, 2014

Case Numbers:   03-13-00468-CV & 03-13-00557-CV
Trial Court Nos.:  D-1-GN-13-001957 & D-1-GN-13-002576

Style:          In re Chase Carmen Hunter

You are hereby informed that the opinion dated October 2, 2013 is withdrawn; the relator's motions for reconsideration en banc were dismissed; and the substituted opinion is enclosed and was sent this date to the following persons:

Ms. Chase Carmen Hunter
P. O. Box 9039
Fredericksburg, VA 22403
* DELIVERED VIA E-MAIL *

The Honorable Lora J. Livingston
Judge Presiding
261st Judicial District Court
P. O. Box 1748
Austin, TX 78767
* DELIVERED VIA E-MAIL *

The Honorable John K. Dietz
Judge Presiding
250th Judicial District Court
P. O. Box 1748
Austin, TX 78767
*DELIVERED VIA E-MAIL *

The Honorable Amalia Rodriguez-Mendoza
Civil District Clerk
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767
* DELIVERED VIA E-MAIL *

Ms. Cynthia A. Morales
Assistant Attorney General
Financial Litigation, Tax, and Charitable
Trusts Division
P. O. Box 12548 (MC 017-6)
Austin, TX 78711
* DELIVERED VIA E-MAIL *

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.57

UNOFFICIAL COPIES

D-1-GN-13-001957

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**ON REHEARING**

**NO. 03-13-00468-CV**
**NO. 03-13-00557-CV**

*Filed in The District Court
of Travis County, Texas
JAN 07 2014
At
Amalia Rodriguez-Mendoza, M.
Clerk*

**In re Chase Carmen Hunter**

### ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Our opinion dated October 2, 2013 is withdrawn sua sponte, and this opinion is substituted in its place. Hunter's motions for reconsideration en banc are dismissed as moot.

Relator Chase Carmen Hunter has filed two mandamus proceedings complaining about the trial court clerk's refusal to allow her to proceed as an indigent and the inaction by two trial court judges following her attempts to file documents directly with them seeking mandamus relief against the clerk.[1] We lack jurisdiction over the trial court clerk except in rare instances when action is necessary to preserve our appellate jurisdiction, *see* Tex. Gov't Code § 22.221, and Hunter has not established a right to mandamus relief against the trial court judges. We therefore deny the petitions for writ of mandamus.

---

[1] Hunter also complained of one judge's failure to act when she attempted to file a petition for judicial review directly with that judge, but because the petition has since been filed and assigned a trial court cause number, that complaint is moot.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Filed:   January 7, 2014

2

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.59

UNOFFICIAL COPIES

Filed in The District Court
of Travis County, Texas

No. _____

FEB 2 1 2014

At_____4:00p___M.
Amalia Rodriguez-Mendoza, Clerk

# IN THE SUPREME COURT OF TEXAS

## IN RE CHASE CARMEN HUNTER, RELATOR

Petition For Review From The Texas Third

Court of Appeals, at Austin, Texas,

Cause 03-13-00468-CV

Chase Carmen Hunter, *pro se*
PO Box 9039
Fredericksburg, VA 22403
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

i

## <u>IDENTITY OF PARTIES. Texas Rule of Appellate Procedure</u>

## <u>("TRAP") 53.2(a)</u>

Relator:

Chase Carmen Hunter
PO Box 9039[1]
Fredericksburg, VA 22403
Telephone: 707-706-3647
Facsimile: 703-997-5999
Email: Chase_Hunter@yahoo.com

Respondents:

1) Honorable Judge John K. Dietz sitting for the 250th District Court Travis County, Texas ("Judge Dietz");
   Travis County District Court, Civil Division,
   1000 Guadalupe St.
   Austin, TX 78701;

2) Amalia Rodriguez-Mendoza, in her official capacity as Clerk of the Travis County District ("Trial Court Clerk");
   Travis County District Court, Civil Division,
   1000 Guadalupe St.
   Austin, TX 78701;

Real Parties In Interest ("RPI's"):

1) Julia Rathgeber [2] in her official capacity as Commissioner of the Texas Department of Insurance ("Commissioner"),

---

[1] This is a new PO Box number. The former PO Box number was 9075

ii

333 Guadalupe St.
Austin, TX 78701

2)    The Texas Department of Insurance ("TDI"),
333 Guadalupe
Austin, TX 78701

Counsel For Relator:

Chase Carmen Hunter, *pro se*
PO Box 9039
Fredericksburg, VA 22403
Telephone: 707-706-3647
Facsimile: 703-997-5999
Email: Chase_Hunter@yahoo.com

Counsel For Respondents:

For Judge Dietz: unknown

For the Trial Court Clerk: unknown

Counsel for the Commissioner:

---

[2] The petition filed in the trial court named Eleanor Kitzman in her official capacity as Commissioner of Insurance and John/Jane Doe in his or her official capacity as interim commissioner of insurance or commissioner of insurance but did not name Julia Rathegebar. Kitzman's term as Commissioner ended in May 2013 and Rathgebar replaced Kitzman in June 2013. This personnel change occurred during the same time during which Hunter began petitioning the trial court for relief from Kitzman's actions. Kitzman is not shown herein as an RPI because she is no longer the Commissioner.

iii

APPENDIX SUPPLEMENT P.62

```
Cynthia A. Morales
Assistant Attorney General
Office of the Attorney General
Financial Litigation, Tax, and Charitable Trusts
Division
PO Box 12548
Austin, TX 78711-2548
512-475-4470
512-477-2348 (fax)
Cynthia.morales@texasattorneygeneral.gov

Counsel for the TDI:

Cynthia A. Morales
See her contact information above.
```

iv

APPENDIX SUPPLEMENT P.63

## TABLE OF CONTENTS. TRAP 53.2(b)

IDENTITIES OF PARTIES AND COUNSEL......................................ii-iv

TABLE OF CONTENTS...................................................................v

TABLE OF AUTHORITIES.......................................................v-vi

CERTIFICATION.........................................................................7

STATEMENT OF THE CASE.......................................................7-9

STATEMENT OF JURISDICTION....................................................9

ISSUES PRESENTED...................................................................9

STATEMENT OF FACTS..............................................................10

SUMMARY OF ARGUMENT...................................................10-11

ARGUMENT..........................................................................11-15

PRAYER...............................................................................15-16

CERTIFICATIONS..................................................................16-18

APPENDIX.............................................................................19

## TABLE OF AUTHORITIES. TRAP 53.2(c)

**STATE CASES**

In re Bernard,

   993 S.W.2d 453, 454-544......................................................14,15

In re Nubine,

      No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534...............14

In re Simmonds,

v

271 S.W.3d 874, 879 (Tex. App.-Waco 2008, orig.

proceeding) ................................................................15

In re Smith,

Texas Tenth Court of Appeals,

No. 10-10-00107-CV................................................14

In re Taylor,

28 S.W.3d 240, 248-250..........................................15

**STATE STATUTES AND RULES**

TRCP 145 (a) and 145 et seq...........................................9,10,12,17

**CONSTITUTIONS**

Tex. Const. Art. 5, § 8................................................9

vi

APPENDIX SUPPLEMENT P.65

## CERTIFICATION.

I, Chase Carmen Hunter, state under penalty of perjury that the following facts and argument are true and correct.

_____eefht_____     __2/21/14__

## STATEMENT OF THE CASE. TRAP 53.2(d)

1. The Relator incorporates by reference her Petition For Review of a final judgment of The Texas Third Court of Appeals ("TTCA") in TTCA record 03-13-00557-CV which is being filed contemporaneously with this Petition For Review. It appears that the TTCA silently and sua sponte joined TTCA record 03-13-00557-CV with TTCA record 03-13-00468-CV, the latter of which is the subject of this Petition For Review.

2. TRAP 53.2(d)(1): This is a lawsuit that seeks mandamus relief.

3. TRAP 53.2(d)(2): No judge signed an order which has prompted a need for mandamus relief.

- -                                            7

APPENDIX SUPPLEMENT P.66

4. TRAP 53.2(d)(3): Travis County District Court; Civil Division.

5. TRAP 53.2(d)(4): The disposition in the trial court is "pending" to the best of the Relator's knowledge.

6. TRAP 53.2(d)(5): The parties in the court of appeals: a) Judge John K. Dietz is the presiding judge of the 250th District in Travis County District Court ("TCDC") and b) Amalia Rodriguez-Mendoza ("Trial Court Clerk") is the Clerk of the TCDC. The physical address of all three respondents is 1000 Guadalupe St. Austin, TX 78701.

7. TRAP 53.2(d)(6): This Petition for Review arises from the Texas Third Court of Appeals ("TTCA").

8. TRAP 53.2(d)(7): The names of the justices who participated in the decision in the court of appeals are: Justices Puryear, Rose and Goodwin. The name of the author of the opinion for the court of appeals is Justice David Puryear.

9. TRAP 53.2(d)(8): There is no citation for the court of appeals' opinion, to the best of the Relator's knowledge.

- - 8

APPENDIX SUPPLEMENT P.67

10. TRAP 53.2(d)(9): The disposition of the case by the court of appeals: a) Hunter's petition is denied, b) Hunter's Motion For En Banc Reconsideration is dismisses as moot, c) the TTCA grants a panel reconsideration, and d) Hunter's petition is denied again.

## STATEMENT OF JURISDICTION. TRAP 53.2(e)

11. This Court has jurisdiction to grant this Petition under TRAP 53.1, pursuant to Tex. Const. Art. 5, § 8.

## ISSUES PRESENTED. TRAP 53.2(f)

The Judge Dietz has locked Hunter out of the trial court by refusing upon request to perform ministerial duties and by refusing upon request to direct the Trial Court Clerk to perform ministerial duties. The Trial Court Clerk has explicitly refused to comply with Texas Rule of Civil Procedure ("TRCP") 145 (a) which sets forth that upon the filing of the affidavit [of indigency] (herein referred to as "Mot IFP"), "the clerk must docket the action, issue citation and provide such other customary services as are provided any party."

- -                                                              9

## STATEMENT OF FACTS. TRAP 53.2(g)

12. The TTCA erred in three significant ways in its memorandum opinion dated January 7, 2014. First, the TTCA erred when it stated that Hunter was aggrieved by the "trial court clerk's refusal to allow her to proceed as an indigent". See Appendix p. 5. Second, the TTCA erred when it stated that Hunter was aggrieved by "the inaction by two trial court judges following her attempts to file documents directly with them seeking mandamus relief against the clerk". And third, the TTCA erred when it stated that Hunter "has not established a right to mandamus relief against the trial court judges."

## SUMMARY OF ARGUMENT. TRAP 53.2(h)

13. The TTCA's statement that Hunter was aggrieved by "trial court clerk's refusal to allow her to proceed as an indigent" is a mischaracterization. Hunter complained of the Trial Court Clerk's a) refusal to comply with TRCP 145(a) which is the performance of

- -                                                    10

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.69

UNOFFICIAL COPIES

Filed in The District Court
of Travis County, Texas

FEB 2 1 2014

At_____4:00p___M.
Amalia Rodriguez-Mendoza, Clerk

No. _____

_____

# IN THE SUPREME COURT OF TEXAS

_____

IN RE CHASE CARMEN HUNTER, RELATOR

_____

ORIGINAL VERIFIED MOTION TO PROCEED IN FORMA
PAUPERIS PURSUANT TEXAS RULE OF APPELLATE
PROCEDURE RULE 20 ET SEQ.

_____

Chase Carmen Hunter, *pro se*
PO Box 9039
Fredericksburg, VA 22403
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.70

## ORIGINAL VERIFIED MOTION TO PROCEED IN <u>FORMA</u>

## <u>PAUPERIS</u> PURSUANT TEXAS RULE OF APPELLATE

## PROCEDURE RULE 20 ET SEQ.

TO THE HONORABLE JUSTICES OF THIS COURT:

The above-named Relator, herein referred to as "Hunter", hereby files this Original Verified Motion To Proceed In *Forma Pauperis* and would respectfully show the Court as follows:

The Relator asks for leave to file the Petition for Review without prepayment of fees and to proceed in <u>forma</u> <u>pauperis</u>. The Relator's Affidavit in support of this motion is attached hereto.

Respectfully Submitted,

/s/ Chase Carmen Hunter
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Chase Carmen Hunter
Relator, pro se
PO Box 9039
Fredericksburg, VA 22403
Tel: 707-706-3647
Fax: 703-997-5999
Email: <u>Chase_Hunter@yahoo.com</u>

APPENDIX SUPPLEMENT P.71

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing **ORIGINAL VERIFIED MOTION TO PROCEED IN *FORMA PAUPERIS* PURSUANT TEXAS RULE OF APPELLATE PROCEDURE RULE 20 ET SEQ.** was served upon the parties shown below as indicated


Judge John K. Dietz
By Facsimile on February 21, 2014 at (512) 854-9332


Amalia Rodriguez-Mendoza
By Facsimile on February 21, 2014 at (512) 854-9549

Chief Clerk
Texas Department of Insurance
By Facsimile on February 21, 2014 at (512) 490-1064

Cynthia A. Morales
Assistant Attorney General
By Facsimile on February 21, 2014 at (512) 477-2348


<u>/s/ Chase Carmen Hunter</u>
Chase Carmen Hunter

APPENDIX SUPPLEMENT P.72

**AFFIDAVIT OR DECLARATION
IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

I, _____Chase Carmen Hunter_____, am the Relator in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ n/a | $ 0 | $ n/a |
| Self-employment | $ 700 | $ n/a | $ 700 | $ n/a |
| Income from real property (such as rental income) | $ 1600 | $ n/a | $ 600 | $ n/a |
| Interest and dividends | $ 0 | $ n/a | $ 0 | $ n/a |
| Gifts | $ 50 | $ n/a | $ 0 | $ n/a |
| Alimony | $ 0 | $ n/a | $ 0 | $ n/a |
| Child Support | $ 0 | $ n/a | $ 0 | $ n/a |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ n/a | $ 0 | $ n/a |
| Disability (such as social security, insurance payments) | $ 0 | $ n/a | $ 0 | $ n/a |
| Unemployment payments | $ 0 | $ n/a | $ 0 | $ n/a |
| Public-assistance (such as welfare) | $ 0 | $ n/a | $ 0 | $ n/a |
| Other (specify): _____ | $ 0 | $ n/a | $ 0 | $ n/a |
| **Total monthly income:** | $ 2350 | $ n/a | $ 1300 | $ n/a |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(1); 20.1(b)(2)

*[signature]*    02/21/2014

APPENDIX SUPPLEMENT P.73

2. List your employment history for the past two years, most recent first.   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| self | PO Box 9039 Fredbrg, VA | 2001-present | $ 250-500 |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| n/a | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 40
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Wells Fargo | checking | $ 6 dollars | $ n/a |
| | | $ | $ |
| | | $ | S |

5. List the assets, and their values, which you own or your spouse owns.   Do not list clothing and ordinary household furnishings.

☒ Home    225,000 - homestead          mortgaged: owe $125,000      ☒ Other real estate     mortgaged: owe $60,000
   Value                                                              Value 110,000

☐ Motor Vehicle #1                                                   ☐ Motor Vehicle #2    n/a
   Year, make & model                                                   Year, make & model
   Value                                                                Value

☐ Other assets    none
   Description
   Value

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(1); 20.1(b)(2); 20.1(b)(3); 20.1(b)(4); 20.1(b)(5); and 20.1(b)(7)

*CCJHH*    02/21/2014

APPENDIX SUPPLEMENT P.74

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| n/a | $ | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| self | n/a | n/a |
| none | n/a | n/a |
| none | n/a | n/a |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real estate taxes included? ☒ Yes ☐ No Is property insurance included? ☒ Yes ☐ No | $ 1150 | $ n/a |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ n/a |
| Home maintenance (repairs and upkeep) | $ 0 | $ n/a |
| Food | $ 50 | $ n/a |
| Clothing | $ 5 | $ n/a |
| Laundry and dry-cleaning | $ 10 | $ n/a |
| Medical and dental expenses | $ 40 | $ n/a |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(6) and 20.1(b)(8)

*e e ftuk* 02/21/2014

APPENDIX SUPPLEMENT P.75

|                                                                                          | You    | Your spouse |
|------------------------------------------------------------------------------------------|--------|-------------|
| Transportation (not including motor vehicle payments)                                    | $ 0    | $ n/a       |
| Recreation, entertainment, newspapers, magazines, etc.                                   | $ 0    | $ n/a       |

Insurance (not deducted from wages or included in mortgage payments)

|                          | You   | Your spouse |
|--------------------------|-------|-------------|
| Homeowner's or renter's  | $ 0   | $ n/a       |
| Life                     | $ 0   | $ n/a       |
| Health                   | $ 0   | $ n/a       |
| Motor Vehicle            | $ 0   | $ n/a       |
| Other: _____   | $ 0   | $ n/a       |

Taxes (not deducted from wages or included in mortgage payments)                                       n/a

| (specify): car tax | $ 40 | $ |
|--------------------|------|---|

Installment payments

|                      | You     | Your spouse |
|----------------------|---------|-------------|
| Motor Vehicle        | $ 0     | $ n/a       |
| Credit card(s)       | $ 200   | $ n/a       |
| Department store(s)  | $ 0     | $ n/a       |
| Other: _____       | $ 0     | $ n/a       |
| Alimony, maintenance, and support paid to others | $ 0 | $ n/a |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ n/a |
| Other (specify): _____ | $ 0 | $ n/a |
| **Total monthly expenses:** | $ 1495 | $ n/a |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(7) and 20.1(b)(8)

*[signature]*     02/21/2014

APPENDIX SUPPLEMENT P.76

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

      ☒ Yes    ☐ No    If yes, describe on an attached sheet.

    Please, see the answer to question 12 below.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes  ☒ No

    If yes, how much? _____

    If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

      ☐ Yes    ☒ No

    If yes, how much? _____

    If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I am a defendant shown on a fraudulent document that looks like a valid Florida state court order from Orange County Florida Circuit Court ("OCFCC") case 2009-CA-037513 that is dated 4/12/11 that falsely states that a hearing was held, that an order was entered, & that a judgment of nearly $10,000,000 was obtained against me. The plaintiff then attempted to collect from insurance policies in Virginia where I live. The insurance companies did not respond because the OCFCC record proves the judgment document is fraudulent. The Virginia courts have abandoned all of the essential elements of law to shut me out from the courts to punish me for seeking relief from the fraudulent Florida judgment document. The OCFCC in case 2009-CA-037513 entered orders recently finding me in civil & criminal contempt of court despite the fact that I was never served with process in said case, the case was ended by default even though no defendants had been served, and I was absent and had not been summonsed to appear when I was found in contempt. The criminal contempt order fixes a punishment of about $85,000. The Florida 1st District Court of Appeals in record 12-5889 recently ruled that the civil contempt of court order is not enforceable. The City of Fredericksburg Virginia Sheriff broke into my house, under color of law, solely to arrest me on behalf of the OCFCC criminal contempt order. He caused about $500 damage. I was not in the house. I live in constant fear & danger at the hands of those in government authority who seek to hurt me, kill me, jail me, and bankrupt me only because I am a victim of fraud arising from OCFCC & sought relief from the fraud & only because I help people find insurance for their dogs that is cheaper than that which the plaintiff in OCFCC offers. These circumstances have made it nearly impossible for me to earn a living. The Real Parties have acted unlawfully against me in support of the plaintiff in OCFCC case 2009-CA-037513. The record establishes this fact. The Respondents have locked me out of the Texas District Court to deny me relief. Defending these unlawful actions has made it nearly impossible for me to earn a living & I cannot obtain a loan to pay court costs.

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(7); 20.1(b)(9); 20.1(b)(10); and 20.1(b)(11).

                        *[signature]*    02/21/2014

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.77

UNOFFICIAL COPY

Filed In The District Court
of Travis County, Texas

FEB 21 2014

At _____ M.
Amalia Rodriguez-Mendoza, Clerk

FILE COPY

RE: Case No. 14-0136                    DATE: 2/21/2014
COA #: 03-13-00468-CV      TC#: D-1-GN-13-001957
STYLE: IN RE  CHASE CARMEN HUNTER

A petition for writ of mandamus, as styled above, was today received and filed in the Supreme Court of Texas.

MS. AMALIA RODRIGUEZ-MENDOZA
TRAVIS COUNTY DISTRICT CLERK
P. O. BOX 1748
AUSTIN, TX  78767-1748

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.78

UNOFFICIAL COPIES

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender        Pg  1/ 2 03/25/14 11:20 pm

Filed in The District Court
of Travis County, Texas

IN THE SUPREME COURT OF TEXAS

**MAR 25 2014**

At_____ 11:22 A M.
Amalia Rodriguez-Mendoza, Clerk

In Re CHASE CARMEN HUNTER
     Relator.

Case No. 14-0136
COA: 03-13-00478-CV
TC: D-1-GN-13-001957

_____/

**Notice of Address Change And Request That The Clerk Update His**

**Records To Reflect The New Address In All Records In The Supreme**

**Court of Texas In Which The Relator Is A Party**

Effective immediately, the Relator's address is PO Box 42252,
Fredericksburg, VA 22404.

Respectfully submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter

Relator, pro se
PO Box 42252
Fredericksburg, VA 22404
Facsimile: 703-997-5999
Telephone: 707-706-3647
Chase_Hunter@yahoo.com

**CERTIFICATE OF COMPLIANCE WITH Tex. Rule App. P. 9.100(1) AND**

**9.210(a) et seq.**

I CERTIFY THAT THIS PAPER IS COMPOSED WITH COURIER NEW 12-POINT

FONT.

/s/ Chase Carmen Hunter

**CERTIFICATE OF SERVICE**

1

APPENDIX SUPPLEMENT P.79

I HEREBY CERTIFY that a true and correct copy of the foregoing
Notice of Address Change was served upon the parties shown below
as indicated on March 25, 2014.


Judge John K. Dietz
By Facsimile on March 25, 2014 at (512) 854-9332

Amalia Rodriguez-Mendoza
By Facsimile on March 25, 2014 at (512) 854-9549

Chief Clerk
Texas Department of Insurance
By Facsimile on March 25, 2014 at (512) 490-1064

Cynthia A. Morales
Assistant Attorney General
By Facsimile on March 25, 2014 at (512) 477-2348


/s/ Chase Carmen Hunter
Chase Carmen Hunter


2


UNOFFICIAL COPIES


APPENDIX SUPPLEMENT P.80

UNOFFICIAL COPIES

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender          Pg 1/6 03/28/14 3:37 am

Filed In The District Court
of Travis County, Texas

## No. 03-13-00557-CV

MAR 28 2014
At_____337__P.M.
Amalia Rodriguez-Mendoza, Clerk

## IN THE THIRD COURT OF APPEALS

### AUSTIN, TEXAS

## IN RE CHASE CARMEN HUNTER, RELATOR

## SECOND NOTICE OF ADDRESS CHANGE

Chase Carmen Hunter, *pro se*
PO Box 42252
Fredericksburg, VA 22404
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.81

**\*SECOND NOTICE OF ADDRESS CHANGE\***


Relator's new address is:

PO Box 42252 :: Fredericksburg, VA 22404


Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Relator, *pro se*
PO Box 42252
Fredericksburg, VA 22404
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com


**CERTIFICATE OF SERVICE**


I HEREBY CERTIFY that a true and correct copy of the foregoing NOTICE OF ADDRESS CHANGE was served upon the parties shown below as indicated


Judge Gisela D. Triana
By Facsimile on March 28, 2014 at (512) 854-4523

Judge Lora J. Livingston
By Facsimile on March 28, 2014 at (512) 854-9332


2


APPENDIX SUPPLEMENT P.82

Amalia Rodriguez-Mendoza
By Facsimile on March 28, 2014 at (512) 854-9549

Chief Clerk
Texas Department of Insurance
By Facsimile on March 28, 2014 at (512) 490-1064

Cynthia A. Morales
Assistant Attorney General
By Facsimile on March 28, 2014 at (512) 477-2348


/s/ Chase Carmen Hunter
  Chase Carmen Hunter


3


APPENDIX SUPPLEMENT P.83

No. 03-13-00468-CV

---

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

---

IN RE CHASE CARMEN HUNTER, RELATOR

---

NOTICE OF ADDRESS CHANGE

---

Chase Carmen Hunter, *pro se*
PO Box 42252
Fredericksburg, VA 22404
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.84

**\*SECOND NOTICE OF ADDRESS CHANGE\***

Relator's new address is:

PO Box 42252 :: Fredericksburg, VA 22404

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Relator, *pro se*
PO Box 42252
Fredericksburg, VA 22404
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing NOTICE OF ADDRESS CHANGE was served upon the parties shown below as indicated

Judge John K. Dietz
By Facsimile on March 28, 2014 at (512) 854-9332

Amalia Rodriguez-Mendoza
By Facsimile on March 28, 2014 at (512) 854-9549

2

APPENDIX SUPPLEMENT P.85

Chief Clerk
Texas Department of Insurance
By Facsimile on March 28, 2014 at (512) 490-1064

Cynthia A. Morales
Assistant Attorney General
By Facsimile on March 28, 2014 at (512) 477-2348


/s/ Chase Carmen Hunter
  Chase Carmen Hunter



3



UNOFFICIAL COPIES



APPENDIX SUPPLEMENT P.86

UNOFFICIAL COPIES

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender          Pg 1/ 6 03/28/14 5:24 pm

Filed in The District Court
of Travis County, Texas

**MAR 28 2014**

No. 14-0135

At_____ 52 p. M.
Amalia Rodriguez-Mendoza, Clerk

GN-13-001957

# IN THE SUPREME COURT OF TEXAS

## IN RE CHASE CARMEN HUNTER, RELATOR

---

**\*VERIFIED MOTION FOR REHEARING\* PURSUANT TO TEXAS**

**RULE OF APPELLATE PROCEDURE 64**

**OF PETITION FOR REVIEW**

**From The Texas Third**

**Court of Appeals, at Austin, Texas,**

**Cause 03-13-00557-CV**

---

Chase Carmen Hunter, *pro se*
PO Box 42252
Fredericksburg, VA 22404
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.87

**\*VERIFIED MOTION FOR REHEARING\***

**CERTIFICATION.**

I, Chase Carmen Hunter, state under penalty of perjury that the following facts and argument are true and correct. Executed on March 28, 2014.



**POINTS RELIED UPON**

The denial dated March 28, 2014, was delivered without a court order and was delivered only in the form of a postcard. Therefore, the Relator does not know which justices were involved with this decision.

However, this denial is a reversible error because it states that the Relator's "petition for a writ of mandamus" is denied. But the Relator did not file a "petition for a writ of mandamus". The Relator obviously filed a "petition for review" and her "petition for review" clearly relied upon Texas

2

https://courts.co.travis.tx.us/CCO/Documents/PrintDocument?causeNumber=D-1-GN-13-001957&docRsn...    10/14/2015

Rule of Appellate Procedure Rule 53 et seq. which is used for "petitions for review". This Court has misapplied the law and the facts to the Relator's "petition for review".

### MEMORANDUM AND LAW IN SUPPORT OF THIS MOTION

Hunter's petition is clearly titled as a "petition for review" and not a "petition for a writ of mandamus". Hunter's petition clearly relied upon Texas Rule of Appellate Procedure 53 et seq. which applies to petitions for review. A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the established facts of the case. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.1991). 'A trial court has no discretion to determine what the law is or in applying the law to the facts and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of

3

APPENDIX SUPPLEMENT P.89

discretion.' In re American Homestar of Lancaster, Inc., 50 S.W.3d 480, 483 (Tex.2001)." In re Simmonds, 271 S.W.3d 874, 879 (Tex. App.-Waco 2008, orig. proceeding)

Relator respectfully requests that this Court grant Relator's Verified Motion for Rehearing, reverse the denial of the Relator's Petition For Review, grant the relief requested in Hunter's "Petition for Review" and grant any other relief this Court deems appropriate and to which Hunter is entitled.

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Relator, *pro se*
PO Box 42252
Fredericksburg, VA 22404
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

4

APPENDIX SUPPLEMENT P.90

## CERTIFICATION IN COMPLIANCE WITH TEX. R. APP. P
## 9.4(i)(2)(D) and 9.4(i)(3)

I, Chase Carmen Hunter, certify that this Verified
Motion For Rehearing contains 339 words and 3 pages.


/s/ Chase Carmen Hunter

Chase Carmen Hunter


## CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a true and correct copy of the
foregoing **VERIFIED MOTION FOR REHEARING** was served
upon the parties shown below as indicated


Judge Gisela D. Triana
By Facsimile on March 28, 2014 at (512) 854-4523

Judge Lora J. Livingston
By Facsimile on March 28, 2014 at (512) 854-9332

Amalia Rodriguez-Mendoza
By Facsimile on March 28, 2014 at (512) 854-9549

Chief Clerk
Texas Department of Insurance
By Facsimile on March 28, 2014 at (512) 490-1064

Cynthia A. Morales
Assistant Attorney General
By Facsimile on March 28, 2014 at (512) 477-2348


5


APPENDIX SUPPLEMENT P.91

_/s/ Chase Carmen Hunter_
Chase Carmen Hunter

6

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.92

UNOFFICIAL COPY

Filed in The District Court
of Travis County, Texas

MAR 2 8 2014

At _____
Amalia Rodriguez Mendoza, Clerk

FILE COPY

RE: Case No. 14-0136                    DATE: 3/28/2014
COA #: 03-13-00468-CV      TC#: D-1-GN-13-001957
STYLE: IN RE CHASE CARMEN HUNTER

Today the Supreme Court of Texas denied the
petition for writ of mandamus as supplemented in the
above-referenced case.

MS. AMALIA RODRIGUEZ-MENDOZA
TRAVIS COUNTY DISTRICT CLERK
P. O. BOX 1748
AUSTIN, TX 78767-1748

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.93

UNOFFICIAL COPY

RE: Case No. 14-0136
COA #: 03-13-00468-CV    TC#: D-1-GN-13-001957                    DATE: 3/28/2014
STYLE: IN RE CHASE CARMEN HUNTER

Today, the Supreme Court of Texas received and filed relator's motion for rehearing of the petition for writ of mandamus.

FILE COPY

MS. AMALIA RODRIGUEZ-MENDOZA
TRAVIS COUNTY DISTRICT CLERK
P. O. BOX 1748
AUSTIN, TX 78767-1748

Filed in The District Court
of Travis County, Texas

MAR 3 1 2014

At_____M.
Amalia Rodriguez-Mendoza, Clerk

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.94

UNOFFICIAL COPY

Filed in The District Court
of Travis County, Texas

MAY 09 2014

At_____ M.
Amalia Rodriguez-Mendoza, Clerk

FILE COPY

RE: Case No. 14-0136                    DATE: 5/9/2014
COA #: 03-13-00468-CV    TC#: D-1-GN-13-001957
STYLE:IN RE  CHASE CARMEN HUNTER

  Today the Supreme Court of Texas denied the motion
for rehearing in the above-referenced petition for writ
of mandamus.

MS. AMALIA  RODRIGUEZ-MENDOZA
TRAVIS COUNTY  DISTRICT CLERK
P. O. BOX 1748
AUSTIN, TX  78767-1748

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.95

UNOFFICIAL COPY

Filed in The District Court
of Travis County, Texas

MAY 13 2014  BD

D-1-GN-13-001957          At_____4:01___A.M.
                          Amalia Rodriguez-Mendoza, Clerk

**From:** chase_hunter@yahoo.com [chase_hunter@yahoo.com]
**Sent:** Tuesday, May 13, 2014 4:01 AM
**To:** Amalia Rodriguez-Mendoza
**Subject:** Notice of Lawsuit Against Amalia Rodriguez-Mendoza, Individually

See attached and responde accordingly.

Please, notice that my mailing address is:

PO Box 42252
Fredericksburg, VA 22404.

I no longer use PO Box 9039 Fredericksburg VA 22403

I no longer use PO Box 9075 Fredericksburg VA 22403

Regards,
Chase Hunter

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.96

UNOFFICIAL COPIES

D-1-GN-13-001957
D-1-GN-B-002576

Filed in The District Court
of Travis County, Texas
MAY 13 2014 BD
At ____ 4:01 ____ A. M.
Amalia Rodriguez-Mendoza, Clerk

To: Amalia Rodriguez-Mendoza

From: Chase Carmen Hunter

Date: May 13, 2014

RE: Impending Lawsuit Against You

VIA Email: Amalia.Rodriguez-Mendoza@co.travis.tx.us


Ms. Rodriguez-Mendoza:


I will file this petition (or one that is similar) against you
on May 20, 2014, if you do not correct the problems described
herein by 5pm CST on May 20, 2014.


Regards,

Chase Hunter




UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION


CHASE CARMEN HUNTER,          )
          PETITIONER,          )    Case No._____
                               )
vs.                            )
                               )    VERIFIED COMPLAINT FOR
AMALIA RODRIGUEZ-MENDOZA,      )    DECLARATORY JUDGMENT,
INDIVIDUALLY, IN HER OFFICIAL  )    TEMPORARY RESTRAINING ORDER,
CAPACITY AS CLERK OF THE TRAVIS )   AND PRELIMINARY AND PERMANENT
COUNTY DISTRICT COURT,         )    INJUCTION
AND THE TRAVIS COUNTY DISTRICT )
COURT CLERK'S OFFICE           )    TRIAL BY JURY
          RESPONDENTS.         )

```
ADDRESS:                              )
AMALIA RODRIGUEZ-MENDOZA             )
TRAVIS COUNTY DISTRICT COURT         )
1000 GUADALUPE ST                    )
AUSTIN, TEXAS 78701                  )
                                      )
_____)
```

## INTRODUCTION

1. The Petitioner, herein referred to as "Hunter", is a licensed insurance agent who is licensed to transact insurance in about forty-seven (47) states. Hunter has been a Virginia resident licensed insurance agent in good standing for more than twenty (20) years.

2. Some of the issues of this lawsuit arise from, _inter alia_, willful violations of 18 U.S.C. § 1951 et seq. (racketeering), 18 U.S.C. §§ 1961-1968 (racketeer influenced and corrupt organizations), 18 U.S.C. §§ 1341 and 1343 (fraud and fraud by wire), 18 U.S.C. § 1033 (crimes affecting persons engaged in the business of insurance whose activities affect interstate commerce), 15 U.S.C. §§ 1-7 (anti-trust and restraint of trade), several protections guaranteed by the United States Constitution as described herein, including but not limited to the Fourteenth and Eighth Amendments, and articles I, II, V, XIV, XVII, and XVIII of the American Declaration of the Rights and Duties of Man ("ADRDM").

## JURISDICTION AND VENUE

1

APPENDIX SUPPLEMENT P.98

APPENDIX SUPPLEMENT P.99

APPENDIX SUPPLEMENT P.100

and despite the fact that Hunter had not agreed to pre-pay court fees.

20. The lawsuits seek relief from violations of laws and of human rights as referenced herein of which this Petitioner is a victim.

21. Rodriguez-Mendoza has not used her authority to protect Hunter from the crimes referenced herein. In fact, she is using and has used her authority to commit fraud upon the Travis County District Court and to support the violations of laws and human rights as referenced herein.

22. Rodriguez-Mendoza's acts against Hunter are intentional, willful, reckless and wanton; and they function as yet another racket against Hunter and as a support of the racket of which Hunter is a victim that initially arose in Florida and that was supported by the Commissioner for the TDI, as described in the lawsuits that Hunter filed in Travis County District Court, cases # D-1-GN-13-001957 and D-1-GN-13-002576.

23. The Commissioner, the Respondent in D-1-GN-13-002576, is in default and Hunter has filed a motion with the Travis County District Court to enter a default judgment. But because Rodriguez-Mendoza has refused to perform ministerial duties and has created fraudulent documents, the Travis County District Court has refused to take jurisdiction in both lawsuits.

4

APPENDIX SUPPLEMENT P.101

24. As a result, Hunter has been capriciously and maliciously a) denied access to the Texas state judicial system; b) denied a chance to seek relief from violations of laws, constitutions, and human rights committed by the Commissioner; c) denied a chance to undo malicious damage done by the Commissioner to Hunter's excellent reputation; d) denied a chance to work in her profession; and many other things.

### COUNT I

31. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

32. Hunter is a repeated victim of intentional mail fraud which is set forth in 18 U.S.C. § 1341. While this section is labeled "Count I", there are multiple counts of violations of 18 U.S.C. § 1341.

33. Rodriguez-Mendoza must be enjoined from violating and from conspiring to violate 18 U.S.C. § 1341.

### COUNT II

34. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

35. Hunter is a repeated victim of intentional wire fraud which is 18 U.S.C. § 1343. While this section is labeled "Count II", there are multiple counts of violations of 18 U.S.C. § 1343.

36. Rodriguez-Mendoza must be enjoined from violating and from conspiring to violate 18 U.S.C. § 1343.

### COUNT III

37. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

5

APPENDIX SUPPLEMENT P.102

38. Hunter is a repeated victim of a willful and intentional racket inflicted upon her by Lester Kalmanson Agency, Inc., which is a Racketeer Influenced and Corrupt Organization which violates 18 U.S.C. §§ 1951 and 1961-1968. Lester Kalmanson Agency, Inc. is a plaintiff in the fraudulent and criminal Florida civil action upon which the Commissioner of Insurance relied to commit crimes against Hunter. Rodriguez-Mendoza's refusal to perform ministerial duties and her fraud upon the court support the Commissioner of Insurance's support of this fraudulent and criminal Florida civil action. While this section is labeled "Count III", there are multiple counts of violations of 18 U.S.C. §§ 1951 and 1961-1968.

39. Rodriguez-Mendoza must be enjoined from violating and from conspiring to violate 18 U.S.C. §§ 1951-1968.

## COUNT IV

40. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

41. Hunter is a repeated victim of violations of 15 U.S.C. §§ 1-7. While this section is labeled "Count IV", there are multiple counts of violations of 15 U.S.C. §§ 1-7.

42. Rodriguez-Mendoza must be enjoined from violating and from conspiring to violate 15 U.S.C. §§ 1-7.

## COUNT V

43. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

44. Hunter is a repeated victim of Rodriguez-Mendoza's willful refusal to comply with 28 U.S.C. § 1738. While this section is labeled "Count V", there are multiple counts of violations of 28 U.S.C. § 1738.

6

APPENDIX SUPPLEMENT P.103

45. Rodriguez-Mendoza must be enjoined from acting contrary to and from conspiring to violate 28 U.S.C. § 1738.

## COUNT VI

46. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

47. Hunter's Fourteenth Amendment rights have been repeatedly, knowingly and willfully violated. While this section is labeled "Count VI", there are multiple counts of violations of Hunter's substantive and procedural Fourteenth Amendment rights.

48. Rodriguez-Mendoza must be enjoined from violating and from conspiring to violate the United States Constitution.

## COUNT VII

49. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

50. Hunter's Fourth Amendment rights have been repeatedly, knowingly, and willfully violated. While this section is labeled "Count VII", there are multiple counts of violations of Hunter's Fourth Amendment right.

51. Rodriguez-Mendoza must be enjoined from violating and from conspiring to violate the United States Constitution.

## COUNT VIII

52. Hunter realleges and incorporates by reference the allegations shown above as if set forth fully herein.

53. Hunter's human rights established by articles I, II, V, XIV, XVII, and XVIII of the ADRDM have been repeatedly, knowingly, and willfully violated. While this section is labeled "Count VIII", there are multiple counts of violations of Hunter's human rights.

7

APPENDIX SUPPLEMENT P.104

APPENDIX SUPPLEMENT P.105

APPENDIX SUPPLEMENT P.106

APPENDIX SUPPLEMENT P.107

APPENDIX SUPPLEMENT P.108

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.109

UNOFFICIAL COPIES

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender          Pg 1/ 6 05/20/14 8:41 pm

Filed in The District Court
of Travis County, Texas

No. 03-13-00468-CV

MAY 2**1** 2014

At_____ ꝑO0A M.

Amalia Rodriguez-Mendoza, Clerk

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

IN RE CHASE CARMEN HUNTER, RELATOR

THIRD NOTICE OF ADDRESS CHANGE

Chase Carmen Hunter, *pro se*
340 S Lemon Ave #9039
Walnut, CA 91789
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.110

**\*THIRD NOTICE OF ADDRESS CHANGE\***

Relator's new address is:

340 S Lemon Ave #9039 :: Walnut, CA 91789

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Relator, *pro se*
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing NOTICE OF ADDRESS CHANGE was served upon the parties shown below as indicated

Judge John K. Dietz
By Facsimile on May 20, 2014 at (512) 854-9332

Amalia Rodriguez-Mendoza
By Facsimile on May 20, 2014 at (512) 854-9549

2

APPENDIX SUPPLEMENT P.111

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender          Pg  3/ 6 05/20/14  8:41 pm

Chief Clerk
Texas Department of Insurance
By Facsimile on May 20, 2014 at (512) 490-1064

Cynthia A. Morales
Assistant Attorney General
By Facsimile on May 20, 2014 at (512) 477-2348


/s/ Chase Carmen Hunter
  Chase Carmen Hunter

3

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender          Pg 4/ 6 05/20/14 8:41 pm

No. 03-13-00468-CV

---

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

---

IN RE CHASE CARMEN HUNTER, RELATOR

---

THIRD NOTICE OF ADDRESS CHANGE

---

Chase Carmen Hunter, *pro se*
340 S Lemon Ave #9039
Walnut, CA 91789
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.113

**\*THIRD NOTICE OF ADDRESS CHANGE\***

Relator's new address is:

340 S Lemon Ave #9039 :: Walnut, CA 91789

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Relator, *pro se*
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing NOTICE OF ADDRESS CHANGE was served upon the parties shown below as indicated

Judge John K. Dietz
By Facsimile on May 20, 2014 at (512) 854-9332

Amalia Rodriguez-Mendoza
By Facsimile on May 20, 2014 at (512) 854-9549

2

APPENDIX SUPPLEMENT P.114

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender          Pg  6/ 6 05/20/14  8:41 pm

Chief Clerk
Texas Department of Insurance
By Facsimile on May 20, 2014 at (512) 490-1064

Cynthia A. Morales
Assistant Attorney General
By Facsimile on May 20, 2014 at (512) 477-2348


/s/ Chase Carmen Hunter
   Chase Carmen Hunter

3

APPENDIX SUPPLEMENT P.115



District Court
.s County, Texas

MAY 19 2014
434 p M.
.ia Rodriguez-Mendoza, Clerk

*This document contains sensitive data*

NO. D-1-FM-12-001117

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| KATHERINE M. YATSU | § | 353RD JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | TRAVIS COUNTY, TEXAS |

## PROPOSED DISPOSITION OF ISSUES

TO THE HONORABLE JUDGE OF SAID COURT:

John Yatsu. Respondent, would ask the Court to make the following disposition of issues would testify in court under oath that the following is true and correct:

1.      The Court deny the relief requested by Rebecca Yatsu.

2.      The court should continue with the terms in the Final Decree of Divorce with the exception that Rebecca Yatsu should be ordered to pay child support.

3.      Rebecca Yatsu be ordered to pay John Yatsu's attorney fees and expenses incurred in this matter.

Respectfully submitted.

Law Office of Tim Whitten
812 San Antonio, Suite 401
Austin, Texas 78701
Tel:    (512) 478-1011
Fax:    (512) 477-1332

By: _____
Tim Whitten
State Bar No. 21391300
Email: tim@whitten-law.com
Attorney for John Yatsu

IMM Yatsu
Proposed Disposition of Issues
Page 1 of 2

APPENDIX SUPPLEMENT P.116



### Certificate of Service

By my signature above. I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on May 19. 2014.

IMM Yatsu
Proposed Disposition of Issues
Page 2 of 2

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.117

UNOFFICIAL COPIES

Cause No. **D-1-GN-13001957**

CHASE CARMEN HUNTER,              IN THE DISTRICT COURT OF

**Filed In The District Court
of Travis County, Texas**

MAY 2 3 2014

At ___10:35___ A. M.

Amalia Rodriguez-Mendoza, Clerk

                                Plaintiff,

v.                                TRAVIS COUNTY, TEXAS

ELEANOR KITZMAN IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF INSURANCE,
JOHN/JANE DOE IN HIS/HER
OFFICIAL CAPACITY AS
INTERIM COMMISSIONER OF
INSURANCE, OR AS
COMMISSIONER OF INSURANCE,
AND THE TEXAS DEPARTMENT OF
INSURANCE, SERVE GREG
ABBOTT, THE ATTORNEY
GENERAL OF TEXAS,

                Defendants.   250TH JUDICIAL DISTRICT

**NOTICE OF ADDRESS CHANGE**

Plaintiff's new address is:

340 S Lemon Ave #9039 :: Walnut, CA 91789

Respectfully Submitted,

/s/ Chase Carmen Hunter

- 1 -

APPENDIX SUPPLEMENT P.118

Chase Carmen Hunter
Plaintiff, pro se
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Address Change has been sent as follows:

by facsimile to (512) 490-1064 on May 20, 2014, to:

Eleanor Kitzman, Julia Rathgeber, and Texas Department Of Insurance
Texas Department of Insurance, MC113-2A
PO Box 149104
Austin, TX 78714-9104

By facsimile to (512) 477-2348 on May 20, 2014, to:

Cynthia A. Morales
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548

/s/ Chase Carmen Hunter

Chase Carmen Hunter

-2-

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.119

UNOFFICIAL COPIES

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender          Pg  2/ 3 08/28/14 10:76 pm

## Supreme Court of the United States

*D-1-GN-13-001957*

*D-1-GN-13-002576*

Chase Carmen Hunter
(Petitioner)

Filed in The District Court
of Travis County, Texas

**AUG 28 2014**

At_____ *1:00p*.M.
Amalia Rodriguez-Mendoza, Clerk

v.                                    No. 14-5698

District Court of Texas, Travis County
(Respondent)

To _____ Counsel for Respondent:

    **NOTICE IS HEREBY GIVEN** pursuant to Rule 12.3 that a petition for a writ of certiorari in the above-entitled case was filed in the Supreme Court of the United States on August 1, 2014, and placed on the docket August 8, 2014. Pursuant to Rule 15.3, the due date for a brief in opposition is Monday, September 08, 2014. If the due date is a Saturday, Sunday, or federal legal holiday, the brief is due on the next day that is not a Saturday, Sunday or federal legal holiday.

    Unless the Solicitor General of the United States represents the respondent, a waiver form is enclosed and should be sent to the Clerk only in the event you do not intend to file a response to the petition.

    Only counsel of record will receive notification of the Court's action in this case. Counsel of record must be a member of the Bar of this Court.

Ms. Chase Carmen Hunter
PO Box 42252
Fredericksburg, VA 22404
(540) 429-8660

NOTE: This notice is for notification purposes only, and neither the original nor a copy should be filed in the Supreme Court.

APPENDIX SUPPLEMENT P.120

# WAIVER

## Supreme Court of the United States

### No. 14-5698

| Chase Carmen Hunter | v. | District Court of Texas, Travis County |
|---|---|---|
| (Petitioner) | | (Respondent) |

**I DO NOT INTEND TO FILE A RESPONSE** to the petition for a writ of certiorari unless one is requested by the Court.

Please check the appropriate boxes:

☐ Please enter my appearance as Counsel of Record for all respondents.

☐ There are multiple respondents, and I do not represent all respondents. Please enter my appearance as Counsel of Record for the following respondent(s):

_____

_____

☐ I am a member of the Bar of the Supreme Court of the United States.

☐ I am not presently a member of the Bar of this Court. Should a response be requested, the response will be filed by a Bar member.

Signature _____

Date: _____

(Type or print) Name _____
   ☐ Mr.          ☐ Ms.          ☐ Mrs.          ☐ Miss

Firm _____

Address _____

City & State _____ Zip _____

Phone _____

SEND A COPY OF THIS FORM TO PETITIONER'S COUNSEL OR TO PETITIONER IF *PRO SE*. PLEASE INDICATE BELOW THE NAME(S) OF THE RECIPIENT(S) OF A COPY OF THIS FORM. NO ADDITIONAL CERTIFICATE OF SERVICE IS REQUIRED.

Cc:

Obtain status of case on the docket. By phone at 202-479-3034 or via the internet at http://www.supremecourtus.gov. Have the Supreme Court docket number available.

To: maria Rodriguez-m e 512-854-5549 From: Fax Sender                    Pg 1/ 3 08/28/14 10:16 pm

## Facsimile Transmittal

# FAX

| | |
|---|---|
| **To:** Amalia Rodriguez-Mendoza | **From:** Fax Sender |
| **Company:** | **Date:** 08/28/2014 |
| **Fax Number:** 5128549549 | **Pages:** 3 (including cover) |
| **Re:** US Supreme Court Case 14-5698 | |

**Comments:**

To Judge Dietz, Judge Livingston, Judge Triana, Ms. Rodriguez-Mendoza:

See attached notice of docketing.

Thank you,
Chase Hunter

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.122

UNOFFICIAL COPIES

Cause No. **D-1-GN-13001957**

CHASE CARMEN HUNTER,                          IN THE DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

                              Plaintiff,

**Filed in The District Court
of Travis County, Texas**

**SEP 2 6 2014**

At _____ _M.
Amalia Rodriguez-Mendoza, Clerk

v.

ELEANOR KITZMAN etc. et al. seq.

                              Defendants.   250TH JUDICIAL DISTRICT

VERIFIED MOTION TO REINSTATE, VERIFIED MOTION TO DIRECT THE

CLERK OF THIS COURT TO PROVIDE SERVICES TO THE PLAINTIFF, AND

VERIFIED MOTION TO TRANSFER THIS CASE TO THE COURT OF APPEALS

**CERTIFICATION.**

I, Chase Carmen Hunter, state under penalty of perjury that the

following facts and argument are true and correct.

_____          ___9/22/14___

**STATEMENT OF THE ISSUES.**

1. The Plaintiff, Chase Carmen Hunter, ("Hunter") received notice

   from this Court stating that this Court sua sponte dismissed

   this lawsuit on August 25, 2014, pursuant to Travis County

   Texas District Court local rule 8.1 et seq.

-1-

APPENDIX SUPPLEMENT P.123

2. Hunter files this Verified Motion to Reinstate pursuant to Texas Rule of Civil Procedure ("TRCP") 165a(3).

**STATEMENT OF FACTS.**

3. This lawsuit has not moved forward only because the Clerk of the Travis County Texas District Court, Amalia Rodriguez-Mendoza ("ARM"), has violated Texas laws, federal laws, and the United States Constitution and has refused to provide Hunter with services she is required by law to provide.

4. ARM has refused, among other things, to perform her ministerial duty in accordance with the Texas Rules of Civil Procedure ("TRCP") Rule 145(a). Because Hunter filed an affidavit of indigency, ARM is required to docket, issue citations, and provide such other customary services; but ARM has refused to perform these duties.

5. Hunter filed a motion with Judge Dietz directly on July 11, 2013, titled, "Verified Motion Directly Filed With Judge John K. Dietz For Writ Of Mandamus And Prohibition Directed To The Honorable Amalia Rodriguez-Mendoza, Clerk Of The District Court Of Travis County Texas" ("Verified Motion"). This was faxed to Judge Dietz on July 11, 2013, to 512-854-9332. This Verified Motion asked Judge Dietz to direct ARM to perform her ministerial duties pursuant to, <u>inter</u> <u>alia</u>, TRCP 145(a). But Judge Dietz failed to respond to this Verified Motion.

-2-

APPENDIX SUPPLEMENT P.124

6. Hunter subsequently filed a petition with the Texas Third District Court of Appeals ("TTDCA"), case 03-13-00468-cv, in which she requested that the TTDCA direct the trial court to perform its ministerial duties and to direct the trial court to direct ARM to perform her ministerial duties. Hunter served Judge Dietz and ARM with copies of this petition. This petition was denied.

7. Hunter subsequently filed an appeal with the Supreme Court of Texas ("SCT") of the TTDCA's ruling in case 03-13-00468-cv. The SCT case number is 14-0136. Hunter served Judge Dietz and ARM with copies of this appeal. This appeal was denied.

8. Hunter subsequently filed a petition for a writ of certiorari with the Supreme Court of the United States ("SCOTUS") of the SCT ruling in case 14-0136. The SCOTUS case number is 14-5698. Hunter served Judge Dietz and ARM with copies of this petition for a writ of certiorari. This petition is pending.

9. Hunter filed a lawsuit against ARM and two of her employees in United States District Court ("USDC") case 1:14-cv-00510-LY on about June 2, 2014. Hunter served ARM and the two employees with copies of this lawsuit. This lawsuit seeks relief from, inter alia, ARM's refusal to abide by Texas laws, federal laws, and the United States Constitution in Travis County Texas ("TCDC") xeefth District Court Case D-1-GN-13001957 which is this lawsuit. case xeefth This USDC is pending.

-3-

10. Hunter filed an appeal in the United States Court of Appeals Fifth Circuit ("5th USCA") of actions taken in USDC case 1:14-cv-00510-LY. The 5th USCA case number is 14-50766 and is pending.

11. Hunter filed a petition in the Inter-American Organization of Human Rights in February 2013 and it is petition number P-1385-13. This petition seeks relief from violations of Hunter's human rights arising from, inter alia, the events described in TCDC case D-1-GN-13001957 which is this lawsuit. This petition is pending.

12. There are at least two additional lawsuits pending in United States District Courts and United States Courts of Appeals that seek relief from, inter alia, the events described in TCDC case D-1-GN-13001957, including ARM's refusal to comply with Texas laws, federal laws, and the United States Constitution.

**ARGUMENT AND PRAYER**

13. Pursuant to TRCP 165a(3), Hunter has shown that there is no failure of the plaintiff that resulted in this Court's sua sponte dismissal of this lawsuit pursuant to TCDC local rule 8.1. Hunter has established that she is not indifferent to prosecuting this lawsuit, that she is actively engaged in prosecuting this lawsuit, that the only reason why this lawsuit has not moved forward is due to ARM's refusal to

-4-

perform ministerial duties, that the plaintiff has made no mistake, and there has been no accident.

14. Hunter respectfully requests that this Court review this matter and (1) grant this motion, (2) direct ARM to provide all customary services provided any other party without charge, (3) enter an order that declares that ARM must provide Hunter with free access to idocket.com so that Hunter can view her case progress, or in the alternative, that ARM send Hunter a weekly statement by facsimile that accurately reflects the activity of this lawsuit and of TCDC case D-1-GN-13002576, (4) transfer this cause to the Court of Appeals, Third District Court of Appeals, and (5) award Hunter such further relief to which she may be entitled.

## VERIFICATION

I, Chase Carmen Hunter, state that the foregoing is true and correct.
IN WITNESS, Chase Carmen Hunter has signed this Verification below:

_____ (SEAL)
*Chase Carmen Hunter*

Commonwealth of Massachusetts
County of _____, to-wit:
Subscribed and sworn to before me this ___ day of _____
20___ , by Chase Carmen Hunter

My commission expires:
Registration Number:

CHRISTINA A. BORDEAU
Notary Public
Commonwealth of Massachusetts
My Comm. Exp Feb 6 2015

-5-

Respectfully Submitted,

*ccfhh*

Chase Carmen Hunter
Plaintiff, <u>pro</u> <u>se</u>
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

VERIFIED MOTION TO REINSTATE, VERIFIED MOTION TO DIRECT THE

CLERK OF THIS COURT TO PROVIDE SERVICES TO THE PLAINTIFF, AND

VERIFIED MOTION TO TRANSFER THIS CASE TO THE COURT OF APPEALS

has been sent as follows:

by facsimile to (512) 490-1064 on September 22, 2014, to:

Eleanor Kitzman, Julia Rathgeber, and Texas Department Of
Insurance
Texas Department of Insurance, MC113-2A
PO Box 149104
Austin, TX 78714-9104

By facsimile to (512) 477-2348 on September 22, 2014, to:

Cynthia A. Morales
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548

*ccfhh*
_____

Chase Carmen Hunter

-6-

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.128

UNOFFICIAL COPY

FILE COPY



# COURT OF APPEALS

**Filed in The District Court of Travis County, Texas**

## THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.3rdcoa.courts.state.tx.us
(512) 463-1733

**OCT 0 8 2014**

At_____M.
Amalia Rodriguez-Mendoza, Clerk

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

JEFFREY D. KYLE, CLERK

October 8, 2014

Ms. Cynthia A. Morales
Assistant Attorney General
Financial Litigation, Tax, and Charitable Trusts Division
P. O. Box 12548 (MC 017-6)
Austin, TX 78711
* DELIVERED VIA E-MAIL *

Ms. Chase Carmen Hunter
340 S Lemon Ave #9039
Walnut, CA 91789
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:      03-14-00641-CV
        Trial Court Case Number:      D-1-GN-13-001957

Style:  Chase Carmen Hunter
        v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance

Dear Counsel:

The Court has been advised that appellant has given notice of appeal. The cause in this Court will bear the number and style shown above. Appellant is requested to forward the $195.00 filing fee and a docketing statement to this Court on or before **October 17, 2014**. *See* Tex. R. App. P. 5, 32.1. If appellant has not already done so, he must make a written request to the clerk and the court reporter and make arrangements for payment of the record within ten days of the receipt of this notice. *See* Tex. R. App. P. 34.6(b)(1).

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *Courtland Crocker*
Courtland Crocker, Deputy Clerk

cc:     The Honorable Amalia Rodriguez-Mendoza

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.129

UNOFFICIAL COPIES

FILE COPY



# COURT OF APPEALS

**THIRD DISTRICT OF TEXAS**
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.3rdcoa.courts.state.tx.us
(512) 463-1733

Filed In The District Court
of Travis County, Texas
on_____October 14, 2014
at_____9:00____A.M.
Amalia Rodriguez-Mendoza, Clerk

JEFFREY D. KYLE, CLERK

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

October 14, 2014

Ms. Cynthia A. Morales
Assistant Attorney General
Financial Litigation, Tax, and Charitable Trusts
Division
P. O. Box 12548 (MC 017-6)
Austin, TX 78711
* DELIVERED VIA E-MAIL *

Ms. Chase Carmen Hunter
340 S Lemon Ave #9039
Walnut, CA 91789
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    03-14-00641-CV
         Trial Court Case Number:    D-1-GN-13-001957

Style:    Chase Carmen Hunter
         v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance

Dear Counsel and Ms. Hunter:

On September 29, 2014, this Court received, from the Travis County District Clerk's Office, a copy of Chase Carmen Hunter's "Verified Motion to Reinstate, Verified Motion to Direct the Clerk of this Court to Provide Services to the Plaintiff, and Verified Motion to Transfer this Case to the Court of Appeals." The motion appeared to be invoking this Court's appellate jurisdiction. Accordingly, the document was filed as a notice of appeal. On October 10, 2014, this Court was informed by Ms. Hunter that she has not filed a notice of appeal. Because a notice of appeal has not been filed, cause number 03-14-00641-CV has been voided. No further action is required in regard to 03-14-00641-CV.

Very truly yours,

*Jeffrey D. Kyle*

JEFFREY D. KYLE, CLERK

cc:    The Honorable Amalia Rodriguez-Mendoza

APPENDIX SUPPLEMENT P.130

FILED
*September 29, 2014*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

03-14-00641-CV

Cause No. **D-1-GN-13001957**

CHASE CARMEN HUNTER,                          IN THE DISTRICT COURT OF

                                              TRAVIS COUNTY, TEXAS

                    Plaintiff,

Filed in The District Court
of Travis County, Texas

SEP 26 2014

At _____ M.
Amalia Rodriguez-Mendoza, Clerk

v.

ELEANOR KITZMAN etc. et seq.


                    Defendants.   250TH JUDICIAL DISTRICT


VERIFIED MOTION TO REINSTATE, VERIFIED MOTION TO DIRECT THE

CLERK OF THIS COURT TO PROVIDE SERVICES TO THE PLAINTIFF, AND

VERIFIED MOTION TO TRANSFER THIS CASE TO THE COURT OF APPEALS

**CERTIFICATION.**

I, Chase Carmen Hunter, state under penalty of perjury that the

following facts and argument are true and correct.

_____CC_____          9/22/14

**STATEMENT OF THE ISSUES.**

1. The Plaintiff, Chase Carmen Hunter, ("Hunter") received notice

   from this Court stating that this Court <u>sua</u> <u>sponte</u> dismissed

   this lawsuit on August 25, 2014, pursuant to Travis County

   Texas District Court local rule 8.1 et seq.


                              -1-

2. Hunter files this Verified Motion to Reinstate pursuant to Texas Rule of Civil Procedure ("TRCP") 165a(3).

**STATEMENT OF FACTS.**

3. This lawsuit has not moved forward only because the Clerk of the Travis County Texas District Court, Amalia Rodriguez-Mendoza ("ARM"), has violated Texas laws, federal laws, and the United States Constitution and has refused to provide Hunter with services she is required by law to provide.

4. ARM has refused, among other things, to perform her ministerial duty in accordance with the Texas Rules of Civil Procedure ("TRCP") Rule 145(a). Because Hunter filed an affidavit of indigency, ARM is required to docket, issue citations, and provide such other customary services; but ARM has refused to perform these duties.

5. Hunter filed a motion with Judge Dietz directly on July 11, 2013, titled, "Verified Motion Directly Filed With Judge John K. Dietz For Writ Of Mandamus And Prohibition Directed To The Honorable Amalia Rodriguez-Mendoza, Clerk Of The District Court Of Travis County Texas" ("Verified Motion"). This was faxed to Judge Dietz on July 11, 2013, to 512-854-9332. This Verified Motion asked Judge Dietz to direct ARM to perform her ministerial duties pursuant to, <u>inter alia</u>, TRCP 145(a). But Judge Dietz failed to respond to this Verified Motion.

-2-

APPENDIX SUPPLEMENT P.132

6. Hunter subsequently filed a petition with the Texas Third District Court of Appeals ("TTDCA"), case 03-13-00468-cv, in which she requested that the TTDCA direct the trial court to perform its ministerial duties and to direct the trial court to direct ARM to perform her ministerial duties. Hunter served Judge Dietz and ARM with copies of this petition. This petition was denied.

7. Hunter subsequently filed an appeal with the Supreme Court of Texas ("SCT") of the TTDCA's ruling in case 03-13-00468-cv. The SCT case number is 14-0136. Hunter served Judge Dietz and ARM with copies of this appeal. This appeal was denied.

8. Hunter subsequently filed a petition for a writ of certiorari with the Supreme Court of the United States ("SCOTUS") of the SCT ruling in case 14-0136. The SCOTUS case number is 14-5698. Hunter served Judge Dietz and ARM with copies of this petition for a writ of certiorari. This petition is pending.

9. Hunter filed a lawsuit against ARM and two of her employees in United States District Court ("USDC") case 1:14-cv-00510-LY on about June 2, 2014. Hunter served ARM and the two employees with copies of this lawsuit. This lawsuit seeks relief from, inter alia, ARM's refusal to abide by Texas laws, federal laws, and the United States Constitution in Travis County Texas (TCDC) *seeks* District Court Case D-1-GN-13001957 which is this lawsuit. *case* *seeks* This USDC case is pending.

-3-

10. Hunter filed an appeal in the United States Court of Appeals Fifth Circuit ("5th USCA") of actions taken in USDC case 1:14-cv-00510-LY. The 5th USCA case number is 14-50766 and is pending.

11. Hunter filed a petition in the Inter-American Organization of Human Rights in February 2013 and it is petition number P-1385-13. This petition seeks relief from violations of Hunter's human rights arising from, inter alia, the events described in TCDC case D-1-GN-13001957 which is this lawsuit. This petition is pending.

12. There are at least two additional lawsuits pending in United States District Courts and United States Courts of Appeals that seek relief from, inter alia, the events described in TCDC case D-1-GN-13001957, including ARM's refusal to comply with Texas laws, federal laws, and the United States Constitution.

**ARGUMENT AND PRAYER**

13. Pursuant to TRCP 165a(3), Hunter has shown that there is no failure of the plaintiff that resulted in this Court's sua sponte dismissal of this lawsuit pursuant to TCDC local rule 8.1. Hunter has established that she is not indifferent to prosecuting this lawsuit, that she is actively engaged in prosecuting this lawsuit, that the only reason why this lawsuit has not moved forward is due to ARM's refusal to

-4-

APPENDIX SUPPLEMENT P.134

perform ministerial duties, that the plaintiff has made no mistake, and there has been no accident.

14. Hunter respectfully requests that this Court review this matter and (1) grant this motion, (2) direct ARM to provide all customary services provided any other party without charge, (3) enter an order that declares that ARM must provide Hunter with free access to idocket.com so that Hunter can view her case progress, or in the alternative, that ARM send Hunter a weekly statement by facsimile that accurately reflects the activity of this lawsuit and of TCDC case D-1-GN-13002576, (4) transfer this cause to the Court of Appeals, Third District Court of Appeals, and (5) award Hunter such further relief to which she may be entitled.

## VERIFICATION

I, Chase Carmen Hunter, state that the foregoing is true and correct.
IN WITNESS, Chase Carmen Hunter has signed this Verification below:

_____ (SEAL)
*Chase Carmen Hunter*

Commonwealth of Massachusetts
County of _____, to-wit:
Subscribed and sworn to before me this ___ day of _____
20___ , by Chase Carmen Hunter

My commission expires:
Registration Number:

CHRISTINA A. BORDEAU
Notary Public
Commonwealth of Massachusetts
My Comm. Exp. Feb. 0, 20__

-5-

Respectfully Submitted,

*ccfth*

Chase Carmen Hunter
Plaintiff, <u>pro</u> <u>se</u>
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

VERIFIED MOTION TO REINSTATE, VERIFIED MOTION TO DIRECT THE

CLERK OF THIS COURT TO PROVIDE SERVICES TO THE PLAINTIFF, AND

VERIFIED MOTION TO TRANSFER THIS CASE TO THE COURT OF APPEALS

has been sent as follows:


by facsimile to (512) 490-1064 on September 22, 2014, to:

Eleanor Kitzman, Julia Rathgeber, and Texas Department Of
Insurance
Texas Department of Insurance, MC113-2A
PO Box 149104
Austin, TX 78714-9104

By facsimile to (512) 477-2348 on September 22, 2014, to:

Cynthia A. Morales
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548

*ecfth*
_____

Chase Carmen Hunter


-6-

UNOFFICIAL COPIES


APPENDIX SUPPLEMENT P.136

UNOFFICIAL COPIES



Filed In The District Court
of Travis County, Texas
on ___October 13, 2014___
at ___8:58___ A.M.
Amalia Rodriguez-Mendoza, Clerk

ACCEPTED
03-14-00641-CV
2786422
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/10/2014 7:48:34 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00641-CV

---

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

---

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/10/2014 7:48:34 AM
JEFFREY D. KYLE
Clerk

CHASE CARMEN HUNTER v. ELEANOR KITZMAN ET AL.

*VERIFIED*
NOTICE THAT CHASE CARMEN HUNTER HAS NOT FILED A NOTICE OF
APPEAL OF CAUSE D-1-GN-13001957 From The 250TH District
Travis County, Texas, The Honorable JUDGE JOHN DIETZ
Presiding

Chase Carmen Hunter, pro se
340 S LEMON AVE #9039
WALNUT, CA 91789
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

APPENDIX SUPPLEMENT P.137

CERTIFICATION.

I, Chase Carmen Hunter, state under penalty of perjury that the following facts and argument are true and correct. Executed on October 9, 2014.

*[signature]*

## POINTS RELIED UPON

On October 8, 2014, Chase Carmen Hunter ("Hunter") received a notice via email from this Court stating that the "appellant" had filed a notice of appeal. This notice did not state the name of the "appellant". However, Hunter believes that this Court believes that Hunter has filed a notice of appeal.

But Hunter has not filed a notice of appeal. Hunter currently has ongoing litigation in a United States District Court against Amalia Rodriguez-Mendoza, the Clerk of the Travis County Texas District Court which alleges that she has committed crimes against the United States, against Texas,

2

against the public, and against Hunter in Travis County Texas District Court ("TCTDC") case D-1-GN-13001957 by creating false documents and by refusing to comply with various laws for the sole purpose of blocking Hunter from accessing the TCTDC which is the venue in which Hunter has pursued judicial remedies to crimes committed by Texas public officials including, but not limited to, Eleanor Kitzman. If this Court has received notice from the TCTDC Clerk stating that Hunter has filed a notice of appeal, it is fraudulent. Hunter has NOT filed a notice of appeal and has not filed anything that could be construed as a notice of appeal.

PRAYER

Hunter respectfully requests that this Court disregard any notice received from the TCTDC Clerk which falsely states that Hunter has filed a notice of appeal. Hunter respectfully requests that this Court notify the proper criminal justice authority

3

APPENDIX SUPPLEMENT P.139

to investigate Amalia Rodriguez-Mendoza for

felonious actions as described herein.

Respectfully Submitted,

*ce fhh*

Chase Carmen Hunter
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

4

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.140

UNOFFICIAL COPY

To: Amalia Rodriguez-M @ 512-854-9549 From: Fax Sender        Pg 1/ 1 10/22/14  2:38 pm

D-1-GN-13-002576
D-1-GN-13-001957

Filed In The District Court
of Travis County, Texas

OCT 22 2014

At_____
Amalia Rodriguez-Mendoza, Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

CHASE CARMEN HUNTER,                )
              APPELLANT/PETITIONER,  )
                                     )
vs.                                  )
                                     )
AMALIA RODRIGUEZ-MENDOZA,            )
ETC. ET AL.                          )
              APPELLEES/RESPONDENTS. )
                                     )
_____)

CASE NO. 14-50766
EMERGENCY
APPELLANT/PETITIONER'S
MOTION FOR EXTENSION TO
FILE INFORMAL OPENING BRIEF
TO JANUARY 31, 2015

EMERGENCY APPELLANT/PETITIONER'S MOTION FOR EXTENSION TO FILE INFORMAL

OPENING BRIEF TO JANUARY 31, 2015

TO THE HONORABLE JUDGE OF THIS COURT:

The above-named Appellant/Petitioner, herein referred to as "Hunter", hereby files this Appellant/Petitioner's Motion For Extension To File Informal Opening Brief To January 31, 2015, and would respectfully ask this Court to change the due date of the filing of the informal opening brief from October 29, 2014, to January 31, 2015.

The Respondents cannot be adversely affected since they have notified of this lawsuit but have not participated in this lawsuit.

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter

Petitioner, pro se :: PO Box 42252 :: Fredericksburg, VA 22404

Tel: 707-706-3647 :: Fax: 703-997-5999 :: Email: Chase_Hunter@yahoo.com

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.141

UNOFFICIAL COPY

FILE COPY



# COURT OF APPEALS

### THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

Filed In The District Court
of Travis County, Texas
on _11-24-14_
at _6:10_ P.M.
Amalia Rodriguez-Mendoza, Clerk

JEFFREY D. KYLE, CLERK

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

November 24, 2014

Ms. Chase Carmen Hunter
340 S. Lemon Ave. #9039
Walnut, CA 91789
* DELIVERED VIA E-MAIL *

Ms. Cynthia A. Morales
Assistant Attorney General
Financial Litigation, Tax, and Charitable Trusts
Division
P. O. Box 12548 (MC 017-6)
Austin, TX 78711
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     03-14-00737-CV
        Trial Court Case Number:     D-1-GN-13-001957

Style:   Chase Carmen Hunter
         v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance

Dear Counsel and Ms. Hunter:

The Court has been advised that appellant has given notice of appeal. The cause in this Court will bear the number and style shown above. Appellant is requested to forward the $195.00 filing fee and a docketing statement to this Court on or before **December 04, 2014**. *See* Tex. R. App. P. 5, 32.1. If appellant has not already done so, he must make a written request to the clerk and the court reporter and make arrangements for payment of the record within ten days of the receipt of this notice. *See* Tex. R. App. P. 34.6(b)(1).

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *Courtland Crocker*
    Courtland Crocker, Deputy Clerk

cc:     The Honorable Amalia Rodriguez-Mendoza

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.142

UNOFFICIAL COPY

FILE COPY



# COURT OF APPEALS

### THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

JEFFREY D. KYLE, CLERK

**Filed In The District Court
of Travis County, Texas
on _December 1, 2014_
at _6:02_ P.M.
Amalia Rodriguez-Mendoza, Clerk**

December 1, 2014

The Honorable Amalia Rodriguez-Mendoza
Civil District Clerk
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767
\* DELIVERED VIA E-MAIL \*

Ms. Cynthia A. Morales
Assistant Attorney General
Financial Litigation, Tax, and Charitable
Trusts Division
P. O. Box 12548 (MC 017-6)
Austin, TX 78711
\* DELIVERED VIA E-MAIL \*

RE:  Court of Appeals Number:  03-14-00737-CV
     Trial Court Case Number:  D-1-GN-13-001957

Style:  Chase Carmen Hunter
        v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance

Dear Honorable Rodriguez-Mendoza and Counsel:

The Clerk of this Court filed appellant's affidavit of indigence on November 24, 2014. Attached herewith is a copy of appellant's affidavit of indigence. *See* Tex. R. App. P. 20.1(d)(2). By copy of this letter and pursuant to Texas Rule of Appellate Procedure 20.1(d)(2)(B), the district court clerk, the court reporter, if any, and the parties are hereby notified that the deadline for filing a contest to appellant's affidavit of indigence with the Clerk of this Court is **December 11, 2014**. If no contest is filed with the Clerk of this Court by the specified deadline, the allegations in appellant's affidavit will be deemed true and appellant will be allowed to proceed without advance payment of costs. *See* Tex. R. App. P. 20.1(f).

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *E. Talerico*
    Liz Talerico, Deputy Clerk

Attachment

cc:  Ms. Chase Carmen Hunter

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.143

UNOFFICIAL COPIES

D-1-GN-13-001957

Filed in The District Court
of Travis County, Texas

DEC 01 2014 BH

At_____6:02P___M.

Amalia Rodriguez-Mendoza, Clerk

**AFFIDAVIT OR DECLARATION
IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

I, ___Chase Carmen Hunter___, am the Appellant in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ n/a | $ 0 | $ n/a |
| Self-employment | $ 500 | $ n/a | $ 400 | $ n/a |
| Income from real property (such as rental income) | $ 1425 | $ n/a | $ 1480 | $ n/a |
| Interest and dividends | $ 0 | $ n/a | $ 0 | $ n/a |
| Gifts | $ | $ n/a | $ 0 | $ n/a |
| Alimony | $ 0 | $ n/a | $ 0 | $ n/a |
| Child Support | $ 0 | $ n/a | $ 0 | $ n/a |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ n/a | $ 0 | $ n/a |
| Disability (such as social security, insurance payments) | $ 0 | $ n/a | $ 0 | $ n/a |
| Unemployment payments | $ 0 | $ n/a | $ 0 | $ n/a |
| Public-assistance (such as welfare) | $ 0 | $ n/a | $ 0 | $ n/a |
| Other (specify): _____ | $ 0 | $ n/a | $ 0 | $ n/a |
| **Total monthly income:** | $ 1925 | $ n/a | $ 1880 | $ n/a |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(1); 20.1(b)(2) *CCHH* 11/23/14

APPENDIX SUPPLEMENT P.144

2. List your employment history for the past two years, most recent first.   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| self | 340 S Lemon Ave 9039 Walnut, CA 91789 | 2001-present | $ 250-500 |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| n/a | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 40
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Wells Fargo | checking | $ 6 dollars | $ n/a |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.   Do not list clothing and ordinary household furnishings.

x Home  225,000 - homestead
Value

mortgaged: owe $125,000

x Other real estate
Value  110,000

mortgaged: owe $60,000

☐ Motor Vehicle #1
Year, make & model
Value

☐ Motor Vehicle #2
Year, make & model
Value

☐ Other assets  none
Description
Value

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(1); 20.1(b)(2); 20.1(b)(3); 20.1(b)(4); 20.1(b)(5); and 20.1(b)(7)      ₵₵₸ₘ   11/23/14

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| n/a | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| self | n/a | n/a |
| none | n/a | n/a |
| none | n/a | n/a |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 1150 | $ n/a |

Are real estate taxes included?   **x** Yes  ☐ No
Is property insurance included?  **x** Yes  ☐ No

| | You | Your spouse |
|---|---|---|
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ n/a |
| Home maintenance (repairs and upkeep) | $ 100 | $ n/a |
| Food | $ 50 | $ n/a |
| Clothing | $ 5 | $ n/a |
| Laundry and dry-cleaning | $ 10 | $ n/a |
| Medical and dental expenses | $ 40 | $ n/a |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(6) and 20.1(b)(8)

_eCfh_  11/23/14

|                                                                          | You    | Your spouse |
|--------------------------------------------------------------------------|--------|-------------|
| Transportation (not including motor vehicle payments)                    | $ 0    | $ n/a       |
| Recreation, entertainment, newspapers, magazines, etc.                   | $ 0    | $ n/a       |

Insurance (not deducted from wages or included in mortgage payments)

|                           | You    | Your spouse |
|---------------------------|--------|-------------|
| Homeowner's or renter's   | $ 0    | $ n/a       |
| Life                      | $ 0    | $ n/a       |
| Health                    | $ 0    | $ n/a       |
| Motor Vehicle             | $ 0    | $ n/a       |
| Other: _____   | $ 0    | $ n/a       |

Taxes (not deducted from wages or included in mortgage payments)

|                        | You   | Your spouse |
|------------------------|-------|-------------|
| (specify): car tax     | $ 40  | $ n/a       |

Installment payments

|                      | You    | Your spouse |
|----------------------|--------|-------------|
| Motor Vehicle        | $      | $ n/a       |
| Credit card(s)       | $ 200  | $ n/a       |
| Department store(s)  | $ 0    | $ n/a       |
| Other: mortgage      | $ 550  | $ n/a       |

|                                                                          | You    | Your spouse |
|--------------------------------------------------------------------------|--------|-------------|
| Alimony, maintenance, and support paid to others                         | $ 0    | $ n/a       |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0    | $ n/a       |
| Other (specify): _____                                         | $ 0    | $ n/a       |
| **Total monthly expenses:**                                              | $ 2145 | $ n/a       |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(7) and 20.1(b)(8)

*cefu*     11/23/14

APPENDIX SUPPLEMENT P.147

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

     **x** Yes    ☐ No      If yes, describe on an attached sheet.

    Please, see the answer to question 12 below.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes   **x** No

    If yes, how much? _____

    If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

    ☐ Yes    **x** No

    If yes, how much? _____

    If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I am a defendant shown on a fraudulent document that looks like a valid Florida state court order from Orange County Florida Circuit Court ("OCFCC") case 2009-CA-037513 that is dated 4/12/11 that falsely states that a hearing was held, that an order was entered, & that a judgment of nearly $10,000,000 was obtained against me. The plaintiff then attempted to collect from insurance policies in Virginia where I live. The insurance companies did not respond because the OCFCC record proves the judgment document is fraudulent. The Virginia courts have abandoned all of the essential elements of law to shut me out from the courts to punish me for seeking relief from the fraudulent Florida judgment document. The OCFCC in case 2009-CA-037513 entered orders recently finding me in civil & criminal contempt of court despite the fact that I was never served with process in said case, the case was ended by default even though no defendants had been served, and I was absent and had not been summonsed to appear when I was found in contempt. The criminal contempt order fixes a punishment of about $85,000. The Florida 1st District Court of Appeals in record 12-5889 recently ruled that the civil contempt of court order is not enforceable. The City of Fredericksburg Virginia Sheriff broke into my house, under color of law, solely to arrest me on behalf of the OCFCC criminal contempt order. He caused about $500 damage. I was not in the house. I live in constant fear & danger at the hands of those in government authority who seek to hurt me, kill me, jail me, and bankrupt me only because I am a victim of fraud arising from OCFCC & sought relief from the fraud & only because I help people find insurance for their dogs that is cheaper than that which the plaintiff in OCFCC offers. These circumstances have made it nearly impossible for me to earn a living. The Defendants have acted unlawfully against me in support of the plaintiff in OCFCC case 2009-CA-037513. The record establishes this fact. The Trial Court locked me out of the Texas District Court to deny me relief. Defending these unlawful actions has made it nearly impossible for me to earn a living & I cannot obtain a loan to pay court costs.

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(7); 20.1(b)(9); 20.1(b)(10); and 20.1(b)(11).

                                   *ccjh* 11/23/14

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.148

UNOFFICIAL COPIES

Cause No. **D-1-GN-13001957**

CHASE CARMEN HUNTER,                    IN THE DISTRICT COURT OF

                                                        TRAVIS COUNTY, TEXAS

                            Plaintiff,

v.

ELEANOR KITZMAN etc. et al.

Filed in The District Court
of Travis County, Texas

DEC 02 2014

At ___11:42___ A___M.
Amalia Rodriguez-Mendoza, Clerk

                    Defendants.    250TH JUDICIAL DISTRICT

## ORIGINAL VERIFIED MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS PURSUANT TEXAS RULE OF APPELLATE PROCEDURE RULE 20 ET SEQ.

TO THE HONORABLE JUDGE OF THIS COURT:

The above-named Appellant, herein referred to as "Hunter", hereby files this Original Verified Motion To Proceed In Forma Pauperis and would respectfully show the Court as follows:

Hunter asks for leave to proceed on appeal without prepayment of fees and to proceed in forma pauperis. Hunter's Affidavit in support of this motion is attached hereto.

-1-

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Plaintiff, pro se
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

Notice of Appeal has been sent as follows:

by facsimile to (512) 490-1064 on November 23, 2014, to:

Eleanor Kitzman, Julia Rathgeber, and Texas Department Of
Insurance
Texas Department of Insurance, MC113-2A
PO Box 149104
Austin, TX 78714-9104

By facsimile to (512) 477-2348 on November 23, 2014, to:

Cynthia A. Morales
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548
cynthia.morales@texasattorneygeneral.gov

/s/ Chase Carmen Hunter

Chase Carmen Hunter

- 2 -

APPENDIX SUPPLEMENT P.150

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, __Chase Carmen Hunter__, am the Relator in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ n/a | $ 0 | $ n/a |
| Self-employment | $ 500 | $ n/a | $ 400 | $ n/a |
| Income from real property (such as rental income) | $ 1425 | $ n/a | $ 1480 | $ n/a |
| Interest and dividends | $ 0 | $ n/a | $ 0 | $ n/a |
| Gifts | $ | $ n/a | $ 0 | $ n/a |
| Alimony | $ 0 | $ n/a | $ 0 | $ n/a |
| Child Support | $ 0 | $ n/a | $ 0 | $ n/a |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ n/a | $ 0 | $ n/a |
| Disability (such as social security, insurance payments) | $ 0 | $ n/a | $ 0 | $ n/a |
| Unemployment payments | $ 0 | $ n/a | $ 0 | $ n/a |
| Public-assistance (such as welfare) | $ 0 | $ n/a | $ 0 | $ n/a |
| Other (specify): _____ | $ 0 | $ n/a | $ 0 | $ n/a |
| **Total monthly income:** | $ 1925 | $ n/a | $ 1880 | $ n/a |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(1); 20.1(b)(2)   *CCHH*  11/23/14

2. List your employment history for the past two years, most recent first.   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| self | 340 S Lemon Ave 9039 Walnut, CA 91789 | 2001-present | $ 250-500 $ $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| n/a | | | $ $ $ |

4. How much cash do you and your spouse have? $ 40

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Wells Fargo | checking | $ 6 dollars | $_n/a |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.   Do not list clothing and ordinary household furnishings.

**x** Home Value 225,000 - homestead        mortgaged: owe $125,000

**x** Other real estate Value 110,000        mortgaged: owe $60,000

☐ Motor Vehicle #1 Year, make & model _____ Value _____

☐ Motor Vehicle #2 Year, make & model _____ Value _____

☐ Other assets   none Description _____ Value _____

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(1); 20.1(b)(2); 20.1(b)(3); 20.1(b)(4); 20.1(b)(5); and 20.1(b)(7)        eeffu   11/23/1+

APPENDIX SUPPLEMENT P.152

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| n/a | $ | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| self | n/a | n/a |
| none | n/a | n/a |
| none | n/a | n/a |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real estate taxes included? x Yes ☐ No Is property insurance included? x Yes ☐ No | $ 1150 | $ n/a |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ n/a |
| Home maintenance (repairs and upkeep) | $ 100 | $ n/a |
| Food | $ 50 | $ n/a |
| Clothing | $ 5 | $ n/a |
| Laundry and dry-cleaning | $ 10 | $ n/a |
| Medical and dental expenses | $ 40 | $ n/a |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(6) and 20.1(b)(8)

*cch* 11/23/14

APPENDIX SUPPLEMENT P.153

|  | You | Your spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 0 | $ n/a |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ n/a |

Insurance (not deducted from wages or included in mortgage payments)

| | You | Your spouse |
|---|---|---|
| Homeowner's or renter's | $ 0 | $ n/a |
| Life | $ 0 | $ n/a |
| Health | $ 0 | $ n/a |
| Motor Vehicle | $ 0 | $ n/a |
| Other: _____ | $ 0 | $ n/a |

Taxes (not deducted from wages or included in mortgage payments)

| | You | Your spouse |
|---|---|---|
| (specify): car tax | $ 40 | n/a $ |

Installment payments

| | You | Your spouse |
|---|---|---|
| Motor Vehicle | $ | n/a $ |
| Credit card(s) | $ 200 | n/a $ |
| Department store(s) | $ 0 | n/a $ |
| Other: mortgage _____ | $ 550 | n/a $ |
| Alimony, maintenance, and support paid to others | $ 0 | n/a $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | n/a $ |
| Other (specify): _____ | $ 0 | n/a $ |
| **Total monthly expenses:** | $ 2145 | n/a $ |

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(7) and 20.1(b)(8)

*cetH* 11/23/14

APPENDIX SUPPLEMENT P.154

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

    **x** Yes   ☐ No    If yes, describe on an attached sheet.

**Please, see the answer to question 12 below.**

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?   ☐ Yes  **x** No

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

    ☐ Yes    **x** No

If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I am a defendant shown on a fraudulent document that looks like a valid Florida state court order from Orange County Florida Circuit Court ("OCFCC") case 2009-CA-037513 that is dated 4/12/11 that falsely states that a hearing was held, that an order was entered, & that a judgment of nearly $10,000,000 was obtained against me. The plaintiff then attempted to collect from insurance policies in Virginia where I live. The insurance companies did not respond because the OCFCC record proves the judgment document is fraudulent. The Virginia courts have abandoned all of the essential elements of law to shut me out from the courts to punish me for seeking relief from the fraudulent Florida judgment document. The OCFCC in case 2009-CA-037513 entered orders recently finding me in civil & criminal contempt of court despite the fact that I was never served with process in said case, the case was ended by default even though no defendants had been served, and I was absent and had not been summonsed to appear when I was found in contempt. The criminal contempt order fixes a punishment of about $85,000. The Florida 1st District Court of Appeals in record 12-5889 recently ruled that the civil contempt of court order is not enforceable. The City of Fredericksburg Virginia Sheriff broke into my house, under color of law, solely to arrest me on behalf of the OCFCC criminal contempt order. He caused about $500 damage. I was not in the house. I live in constant fear & danger at the hands of those in government authority who seek to hurt me, kill me, jail me, and bankrupt me only because I am a victim of fraud arising from OCFCC & sought relief from the fraud & only because I help people find insurance for their dogs that is cheaper than that which the plaintiff in OCFCC offers. These circumstances have made it nearly impossible for me to earn a living. The Defendants have acted unlawfully against me in support of the plaintiff in OCFCC case 2009-CA-037513. The record establishes this fact. The Trial Court locked me out of the Texas District Court to deny me relief. Defending these unlawful actions has made it nearly impossible for me to earn a living & I cannot obtain a loan to pay court costs.

Under penalty of perjury, I, Chase Carmen Hunter, attest that the foregoing is true and is provided in compliance with Texas R. of App. Procedure Rules 20.1(b)(7); 20.1(b)(9); 20.1(b)(10); and 20.1(b)(11).

                                                       *eefth* 11/23/14

UNOFFICIAL COPIES

APPENDIX SUPPLEMENT P.155

UNOFFICIAL COPIES

Cause No. **D-1-GN-13001957**

CHASE CARMEN HUNTER,                IN THE DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

Plaintiff,

v.

**Filed in The District Court
of Travis County, Texas**

**DEC 0 1 2014  BH**

At_____M.
Amalia Rodriguez-Mendoza, Clerk

ELEANOR KITZMAN etc. et al.

Defendants.   250TH JUDICIAL DISTRICT

NOTICE OF APPEAL

The date of the judgment or order appealed from: August 25, 2014.

The Plaintiff, Chase Carmen Hunter, desires to appeal this judgment or order dated August 25, 2014.

This appeal is taken to the Third Court of Appeals.

The name of the party filing this notice is Chase Carmen Hunter.

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Plaintiff, pro se
340 S Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

- 1 -

APPENDIX SUPPLEMENT P.156

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

Notice of Appeal has been sent as follows:


by facsimile to (512) 490-1064 on November 23, 2014, to:

Eleanor Kitzman, Julia Rathgeber, and Texas Department Of
Insurance
Texas Department of Insurance, MC113-2A
PO Box 149104
Austin, TX 78714-9104

By facsimile to (512) 477-2348 on November 23, 2014, to:

Cynthia A. Morales
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548
cynthia.morales@texasattorneygeneral.gov

/s/ Chase Carmen Hunter
_____

Chase Carmen Hunter


- 2 -


UNOFFICIAL COPIES


APPENDIX SUPPLEMENT P.157

Print Document

Page 1 of 1

UNOFFICIAL COPY

TAMES Records Submission Portal

Page 1 of 1

**TAMES RECORDS SUBMISSION PORTAL - RSP**

Welcome Chloe Jimenez!

User Help    Send Document    Reports    My Account    Log Out

**Confirmation – Please Print this Form**

Files have been successfully sent! Your trace number is [3033].

*It is strongly recommended that you print this confirmation message and keep it for your records as it is the only record of what you sent. This confirmation message cannot be re-displayed once this form is closed.*

**Send Document**
Fields marked with an asterisk (*) are required.

**Transaction Details**

Trace Number 3033          Date/Time Sent 12/15/2014 5:20:24 PM
Sender Chloe Jimenez        Sender Type 2
Phone Number 512-854-4309    Email Chloe.Jimenez@traviscountytx.gov

**Appellate Case Information**

Appellate Court Name * 3rd Court of Appeals          Appellate Case # 03-14-00737-CV

Appellate Style

*Filed in The District Court of Travis County, Texas*

*DEC 15 2014*

*At 5:20 ___ P.M.*

*Amalia Rodriguez-Mendoza, Clerk*

**Document / Fee Information**

Document Type * Clerk's Record          Sent on Behalf Of

Record Cost

Payment Received From

Payment Status - Select -

Document Description

**Trial Court Information**

**ORIGINAL**

Trial Court County * Travis
Trial Court Name * 250th District Court
Trial Court Case/Cause # * D-1-GN-13-001957
Trial Court Style * CHASE CARMEN HUNTER vs.

**File List**

*Note: Valid file types include .pdf, .mp3, and .mp4. File size limit for PDFs is 100MB. File size limit for MP3 and MP4 files, as well as the cumulative file size limit for the total of files being transferred, is 2GB.*

Uploaded files:

| Sealed File | File Description | File Name | File Size (Bytes) |
|---|---|---|---|
| No | no | D-1-GN-13-001957_3794A.pdf | 10089319 |

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.158

UNOFFICIAL COPY

FILE COPY



**COURT OF APPEALS**

THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

Filed in The District Court
of Travis County, Texas

DEC 16 2014

At_____6:13_____P.M.
Amalia Rodriguez-Mendoza, Clerk

J. WOODFIN JONES, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
JEFF L. ROSE, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE

JEFFREY D. KYLE, CLERK

December 16, 2014

Ms. Chase Carmen Hunter
340 S. Lemon Ave. #9039
Walnut, CA 91789
* DELIVERED VIA E-MAIL *

Ms. Cynthia A. Morales
Assistant Attorney General
Financial Litigation, Tax, and Charitable
Trusts Division
P. O. Box 12548 (MC 017-6)
Austin, TX 78711
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    03-14-00737-CV
       Trial Court Case Number:    D-1-GN-13-001957

Style:   Chase Carmen Hunter
         v. Eleanor Kitzman, Julia Rathgeber, and Texas Department of Insurance

Dear Counsel:

On December 15, 2014, the one-volume clerk's record was filed in this Court.

Please be advised appellant's docketing statement is past due and **must** be submitted as soon as possible.

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *Courtland Crocker*
    Courtland Crocker, Deputy Clerk

cc:    The Honorable Amalia Rodriguez-Mendoza

UNOFFICIAL COPY

APPENDIX SUPPLEMENT P.159